STATE BANK OF LEHR, Appellant, v. EDWARD SUKUT, Respondent.

(196 N. W. 100.)

**Appeal and error — opinion on prior appeal as to sufficiency of evidence for jury is law of case, when evidence substantially same.**

1. In an action upon a promissory note, it is *held*, following the law of the case announced in a former appeal, State Bank v. Sukut, 48 N. D. 987, and for reasons stated in the opinion, that the trial court properly denied motions for a directed verdict or for judgment non obstante.

**Appeal and error — instruction assuming fact not ground for reversal, in absence of request or specific objection.**

2. That the trial court did not err in its instructions concerning warranties, breaches thereof, rescission, and plaintiff's good faith.

**Sales — buyer could rescind if consideration failed in any material respect.**

3. That the evidence warranted findings of the jury that the entire contract was rescinded.

Opinion filed November 15, 1923. Rehearing denied December 8, 1923.

---

Note.—(1) Rule of law of the case, see 2 R. C. L. 224; 1 R. C. L. Supp. 459; 4 R. C. L. Supp. p. 94; 5 R. C. L. 84.

(2) Erroneous instructions by trial court, 14 R. C. L. 738; 3 R. C. L. Supp. 271; 5 R. C. L. Supp. 775.

Appeal and Error, 3 C. J. §§ 751 p. 843 n. 67; 752 n. 845 n. 75: 4 C. J. § 3091 pp. 1110 n. 80, 1111 n. 83. Sales, 35 Cyc. pp. 139 n. 52; 573 n. 75.

In District Court, Logan County, *Allen, J.*

Action on a promissory note.

Plaintiff has appealed from a judgment and an order denying judgment non obstante or, in the alternative, for a new trial.

Affirmed.

*Edward T. Burke,* for appellant.

"The rule adopted in the statute is that which was established by the great weight of authority. In numerous well-considered cases it was held that the holder is not bound at his peril to be on the alert for circumstances which might possibly excite the suspicion of wary vigilance; he does not owe to the party who put the paper afloat the duty of active inquiry in order to avert the imputation of bad faith. The rights of the holder are to be determined by the simple test of honesty and good faith, and not by a speculative issue as to his diligence or negligence. The holders right cannot be defeated without proof of actual notice of the defeat in title or bad faith on his part evidenced by circumstances. Though he may have been negligent in taking the paper, and omitted precautions which a prudent man would have taken, nevertheless, unless he acted mala fide his title, according to settled doctrines will prevail." Crawford, Anno. Neg. Inst. Law, 4th ed., pp. 102–106; Vosburgh v. Diefendorf, 119 N. Y. 357; Jarvis v. Manhattan Beach Co. 148 N. Y. 652; Murray v. Lardner, 2 Wall. 110; Swift v. Smith, 102 U. S. 442; Belmont v. Hoge, 35 N. Y. 65; Welsh v. Sage, 47 N. Y. 143; National Bank v. Young, 41 N. J. Eq. 531; Fifth Ward Sav. Bank v. First Nat. Bank, 48 N. J. L. 513; Credit Co. v. Howe Mach. Co. 54 Conn. 357; Ladd v. Franklin, 37 Conn. 64; Croft's Appeal, 42 Conn. 154; Morton v. N. A. & S. R. Co. 79 Ala. 590; Phelan v. Moss, 67 Pa. 59; Moorehead v. Gilmore, 77 Pa. 119; Second Nat. Bank v. Morgan, 165 Pa. 199; Frank v. Lilienfeld, 33 Gratt. 377.

"The negotiable instruments law, and particularly § 6358, supersedes and renders inapplicable the old sections quoted above, if they were ever applicable, to the purchaser of negotiable instruments, and the suspicions or knowledge of facts sufficient to put a party on inquiry

as to defects in title no longer necessarily constitute notice, or charge a party with notice of defenses on the purchase of commercial paper. He must have actual knowledge of the infirmity or defect, or knowledge of such facts as amount to bad faith." Bank v. Lundy, 21 N. D. 167, 129 N. W. 99.

*Arthur B. Atkins* and *Scott Cameron*, for respondent.

BRONSON, Ch. J. This is an action upon a promissory note. . Plaintiff has appealed from the judgment and from an order denying judgment non obstante, or, in the alternative, a new trial. Three different juries have considered the merits. The first jury found in favor of the defendant. The second jury disagreed. Thereupon the trial court granted plaintiff's motion for a directed verdict and judgment was entered for plaintiff. Defendant appealed. This court, upon such appeal, reversed the judgment and ordered a new trial. State Bank v. Sukut, 48 N. D. 987, 187 N. W. 960. This cause, accordingly, is again before this court after another trial in the district court before the same judge that presided at the previous trial. The issues of fact were submitted to the jury upon instructions the same as those given to the jury in the previous trial. The evidence adduced at this last trial was substantially the same as the evidence in the previous trial. It is unnecessary to restate the facts. See former opinion of this court. That opinion announced the law of the case applicable.

Plaintiff maintains that, as a matter of law, the evidence is insufficient to warrant findings of any breach of warranties or defects in the tractor; or of want of good faith by the plaintiff. We are of the opinion, following the law of the case announced in the former appeal, that these questions were for the jury.

Plaintiff contends that the trial court erroneously instructed the jury . to the effect that they should find for the defendant if plaintiff was not a holder in due course, without giving appropriate attendant instructions concerning warranties, breach of warranties, and rescission. The trial court did submit to the jury the issue whether warranties were made and whether breach thereof occurred. By written, as well as oral, evidence, rescission was established. The court assumed, as a matter of law, that rescission was if warranties were made and breaches thereof had occurred. The trial court submitted the written instruc-

tions to counsel for examination. Plaintiff objected in writing to the same by insisting upon a directed verdict and objecting to the instruction above mentioned. Plaintiff did not submit requested instructions and did not in any manner point out wherein the instructions were insufficient. Accordingly, we find no error in the instructions.

Complaint is made that plaintiff was entitled, in any event, to recover for the plows, oil, etc., furnished. The contract concerning the tractor was, upon the record, an entire contract. Under the statute concerning rescission, defendant was entitled to rescind this contract if the consideration failed in a material respect from any cause. Comp. Laws, 1913, § 5934. See Fletcher v. Arnett, 4 S. D. 615, 57 N. W. 918. The judgment and order are affirmed with costs.

CHRISTIANSON, JOHNSON, and BIRDZELL, JJ., and McKENNA, Dist. J., concur.

McKENNA, District Judge sitting vice NUESSLE, J., disqualified.