In a petition for rehearing defendant asserts that when the complaint in this case is read in connection with the decision of this court in State Bank v. Sukut, 48 N.D. 987, 187 N.W. 960, it appears that the plaintiff had knowledge of Sukut's defense to the note; and with knowledge of such fact entered into an agreement with the defendant to bring an action on the note claiming to be a good faith holder thereof, and that the facts so established bar plaintiff's right of recovery. Whether, if the facts were as assumed by the defendant, the result contended for would follow, is not before us, and is a question on which we express no opinion. For the purposes of this opinion it is sufficient to say that the allegations in the complaint are to the effect that the plaintiff purchased the note in reliance upon the warranty given to it by the defendant and without knowledge of the falsity or breach thereof.
It is next contended that the amended complaint, construed as a whole, predicates plaintiff's cause of action upon the express contract made between the parties after the negotiation of the note rather than upon the contract created by the endorsement. The complaint alleges both transactions and if it states a cause of action upon either it is, of course, sufficient as against a general demurrer. Even though all the allegations relating to the subsequent express contract be stricken from the complaint as surplusage, there is still a good cause of action alleged upon the breach of warranty contained in the contract of endorsement.
The petition for rehearing is denied and the former opinion is adhered to.
BURKE, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur. *Page 614