Pam KOROL, Plaintiff and Appellee,

v.

Terry ARONSON d/b/a Rain Soft,
Defendant and Appellant.

Civ. No. 10747.

Supreme Court of North Dakota.

Jan. 16, 1985.

William D. Yuill and Thomas D. Fiebiger of Pancratz, Yuill, Wold, Johnson & Feder, P.C., Fargo, for plaintiff and appellee.

Scott A. Griffeth, West Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Terry Aronson appealed from the civil judgment of the county court, Cass County, of February 9, 1984, awarding Pam Korol $1,041.12 for breach of a contract for purchase of a water softener. We affirm.

The facts are quickly told. On April 25, 1980, Pam Korol purchased a water softener for $800 from Terry Aronson who was doing business as Rain Soft, a retailer of water softeners. Pam financed the purchase and together with interest made payments totaling $1,041.12 for the water softener.

Within four to six months after the installation of the water softener in the Korol home, the water softener's computer system began to malfunction. Pam testified at trial that she was unable to use the water from the water softener for drinking and cooking. Thus, for over two years

Pam had to transport water to her home for those uses.

Pam and her husband, Jeff, made numerous telephone calls to Terry Aronson and Jeff also visited with him in person concerning the malfunctioning water softener. The Korols requested that Aronson repair the water softener. Terry Aronson repeatedly failed to correct the problem and the water softener continued to operate improperly over a period of approximately three years.

Pam Korol subsequently brought an action in small-claims court for breach of contract. Pam claimed that Aronson sold her faulty merchandise and that the water softener's full warranty was not being honored by Aronson. Aronson thereafter removed the case from small-claims court to county court.

At trial the court found that the water softener in question had not operated properly. The court also found that Pam Korol had indeed made numerous requests for Aronson to repair the machine but that Aronson had failed to provide reasonable service. The court therefore held that Aronson had breached the contract and that the consideration for the contract had failed. The court awarded Pam Korol $1,041.12 in damages together with costs and disbursements in the sum of $18 and interest at 12 percent per annum from February 9, 1984, the date of entry of judgment.

Terry Aronson contends on appeal that Pam failed to sufficiently prove a breach of warranty, a breach of contract, or any of the necessary elements of damage. Terry requests that we vacate the lower court's judgment and determine that he is not liable to Pam for damages.

■ We have stated that in contract cases determinations by the trial court on questions of breach of warranty and breach of contract due to substantial impairment of goods are to be treated as findings of fact and subject to the "clearly erroneous" standard of Rule 52(a), N.D.R. Civ.P. See, e.g., *Northwestern Equipment, Inc. v. Cudmore*, 312 N.W.2d 347 (N.D.1981); *Erling v. Homera, Inc.*, 298 N.W.2d 478 (N.D.1980). A trial court's finding of fact is clearly erroneous when this court is left with a definite and firm conviction that a mistake has been made. Rule 52(a), N.D.R.Civ.P.; *Nygaard v. Robinson*, 341 N.W.2d 349 (N.D.1983); *Graves v. Graves*, 340 N.W.2d 903 (N.D.1983).

■ In this case the trial court apparently based its decision on the rescission-of-contract principles found in Sections 9–09–02 and 9–09–04, N.D.C.C.[1] Section 9–09–02(2), N.D.C.C., provides that a party to a contract may rescind when consideration fails in whole or in part. See *C.I.T. Corporation v. Hetland*, 143 N.W.2d 94 (N.D. 1966); *State Bank of Lehr v. Sukut*, 50 N.D. 397, 196 N.W. 100 (1923). It is generally recognized that a partial failure of consideration imports a breach of contract. In order that a party may rescind a contract upon the ground of failure of consideration, he must show that there was a substantial breach of contract. *Schaff v. Kennelly*, 61 N.W.2d 538 (N.D.1953); 17 Am.Jur.2d, *Contracts* § 398. Where a party to a contract can prove that consideration has failed he is entitled to recover the amounts he has paid under the contract. 17 Am.Jur.2d, *Contracts* § 399.

■ After review of the record, we do not believe that the trial court made a mistake in its determination that the improper operation of the water softener and the continued failure by Terry Aronson to remedy the problem through reasonable

---

1. We cannot be certain from a reading of the trial court's findings of fact and conclusions of law whether or not it based its decision on rescission-of-contract principles under Section 9–09–02, N.D.C.C. The court could have reached the same result under Section 41–02–71, N.D.C.C., which provides for a buyer's revocation of acceptance where goods do not conform to contract specifications and the non-conformity substantially impairs their value. Additionally, the trial court could have considered Sections 41–02–30 to 41–02–32, N.D.C.C., concerning express and implied warranties, in concluding that Terry Aronson had breached the contract. Although the trial court was not so specific as we might prefer for purposes of our review on appeal, we sustain the judgment because the result would be the same in any event.

service constituted a failure of consideration and a breach of the contract.

Terry Aronson argues next that the trial court improperly awarded Pam damages for the full amount that she had paid for the water softener. Aronson contends that the trial court erred in not considering the reasonable value of the use that Pam made of the water softener over the life of the contract.

■ A trial court's determination with regard to the amount of damages is a finding of fact and thus is subject to Rule 52(a), N.D.R.Civ.P. *Intern. Feed Products v. Alfalfa Products,* 337 N.W.2d 154 (N.D. 1983).

■ Considering the substantial evidence in the record as to the prolonged inconvenience caused the Korol family by the malfunctioning water softener we conclude that the trial court's award of damages is not clearly erroneous and that Aronson's contention is without merit.

The judgment is affirmed.

ERICKSTAD, C.J., GIERKE, J., and PEDERSON, Surrogate Judge, concur.

PEDERSON, Surrogate Judge, participated.