## CATHARINE BROWN v. MARY F. MILLER.

*Husband and wife—Separation agreement—Repudiation of.*

Where a husband purchased a parcel of land with funds claimed by his wife, and she accepted a mortgage on the *entire* tract for a given sum in full for money so advanced, and afterwards a separation took place, and by agreement a *portion* of the farm was

conveyed to the wife, with an express agreement for the release of the portion retained by the husband from the mortgage, which she failed to keep, and afterwards sought to foreclose the mortgage on the *entire* land,—

*Held*, that she was bound to repudiate the separation agreement *entirely*, if at *all*, and could not retain the *benefits* derived thereunder and the mortgage also.

Appeal from Kent. (Montgomery, J.) Argued October 19 and 20, 1886. Decided October 28, 1886.

Bill filed to restrain enforcement of mortgage. Defendant appeals. Affirmed. The facts are stated in the opinion.

*Birney Hoyt*, for complainant.

*Maher & Felker*, for defendant.

CAMPBELL, C. J. The bill in this case was filed to restrain the enforcement of a mortgage on certain land owned by complainant, because alleged to have been canceled by previous transactions.

Complainant's brother was husband of defendant, and married her several years ago, in western Virginia. They subsequently came to Michigan, where Mr. Miller bought a parcel of land containing about 70 acres, for which he paid with funds which defendant claims were proceeds of her property, but which complainant claims were only so in part. Be this as it may, defendant's husband gave her, and she accepted, a mortgage on the entire tract for $427, which was given for money of hers advanced to him.

After some time, the husband and wife fell out, and separated. At the time of the separation an informal arbitration was had for a division of property, and defendant was awarded 47 acres, including house and home improvements, and her husband the remaining 23 acres; and this was agreed upon with an express agreement that the mortgage should be discharged.

Proper conveyances were made of the 47 acres to defendant,

and of the 23 acres to complainant, to whom defendant's husband disposed of them.

Subsequently, by some means, defendant got possession of the mortgage, which had not been discharged, and, after waiting several years, undertook to foreclose it by advertising under the statute. This bill was filed to cut off this foreclosure, and compel the proper redress against the mortgage. The court below granted the relief prayed for, and defendant appeals.

We can see no ground for this appeal. While we do not think it at all likely that defendant furnished all the means which purchased the land in question, yet that inquiry is not important. She accepted the mortgage in the first place as representing her debt. She subsequently, with full understanding of its terms, accepted the division made by the arbitrators, which, unless the mortgage was to be discharged, would have given her substantially all of the property, leaving her husband practically stripped of land. She made no attempt to get rid of the separation agreement, which appears to be as liberal as could be desired; and, while keeping what it gave her, undertook to enforce the mortgage, the discharge of which was a principal consideration for the conveyance to her of the best part of the farm.

She was bound to repudiate the agreement entirely, if at all, and to do so within some reasonable time, if she considered herself defrauded by it. She does not even now attempt this, but keeps the benefits, and is trying to avoid the obligations. This is neither just nor lawful, and it cannot be favored.

The decree below was proper, and must be affirmed, with costs.

The other Justices concurred.