C. E. KLEMMER AND R. W. KLEMMER, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF KLEMMER BROS. v. MATTHIAS BIERDORF.[1]

May 11, 1923.

No. 23,304.

An entire contract cannot be rescinded in part and affirmed in part.

1. An entire contract which may be rescinded for the breach thereof by one of the parties cannot be affirmed in part and rejected in part. A disaffirmance or rescission must be in toto.

Otherwise where the contract is severable.

2. The rule is different where the contract is severable.

[1]Reported in 193 N. W. 592.

**Acceptance of plows waived the right to rescind sale of tractor for breach of warranty.**

3. In a sale of a farm tractor with plows attached as a single entity for a specified consideration for the whole, the purchaser after trial detached the plows and attempted to rescind as to the tractor on the ground of a breach of warranty, the plows being retained and used by him. The acceptance of the plows is *held* a waiver of the right to rescind for defects in the tractor.

**Evidence supported finding that the sale was not severable.**

4. The evidence justified the jury in finding that the outfit was sold as a single entity.

Action in the district court for Steele county to recover $915 purchase price of tractor and plows. The case was tried before Childress, J., who at the close of the testimony denied plaintiffs' motion for a directed verdict, and a jury which returned a verdict for the amount demanded. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Leach & Leach*, for appellant.

*A. W. Sawyer* and *F. W. Sawyer*, for respondents.

BROWN, C. J.

Action to recover the purchase price of a tractor and set of plows in which plaintiffs had a verdict and defendant appealed from a judgment rendered thereon.

The complaint in effect alleges the sale and delivery of the tractor and plows, as a single transaction, for which defendant agreed to pay the sum of $840 in money and deliver to plaintiffs a secondhand Deere & Webber engine, valued by agreement of the parties at $75. That defendant has failed to make the payment so agreed upon, or to deliver the Deere & Webber engine. Judgment for $915, the total of the money payment and the agreed value of the Deere & Webber engine, with interest, is demanded as the relief sought by the action.

Defendant interposed in defense a breach of warranty and false and fraudulent representations as to the condition and capacity of

the tractor; and it was not as represented and was worthless and of no value, and because thereof defendant rescinded the transaction and refused to keep the same. No damages for the alleged fraud or for the breach of warranty were claimed, defendant being content to rest his defense upon the claim of fraud and rescission.

The principal issue on the trial, aside from the question as to the condition and capacity of the tractor, was whether the sale thereof with the plows attached was a single transaction. No objection was taken by defendant to the plows, they were attached to the tractor at the time of the sale, but could be removed and attached to any other tractor, and at no time did defendant return them to plaintiff, because of the alleged fraud or otherwise; he kept and used them in his farming operations ever since the sale, the tractor only being rejected as not in conformity with the contract. So the primary question in the case was whether the tractor and plows, so attached together, were sold as a single entity, or as separate items going to make up the whole. In this connection the trial court instructed the jury that if the sale was of the single entity, for a lump sum consideration, and they so found from the evidence, plaintiffs should have their verdict, for the reason that defendant could not accept the part deemed by him objectionable and reject the rest. In other words, that he could only rescind by rejecting the whole. The ininstructions were entirely correct and free from criticism. The court further instructed that if the jury found that the sale was not an entirety defendant would be liable for the plows whatever might be their conclusion as respects the tractor; that is, if the contract was severable plaintiff should recover for the plows, but if there was a breach of the warranty, could not recover for the tractor. The learned trial court made this feature of the case quite clear to the jury.

It was a correct statement of the law, and therefrom the conclusion follows that the general verdict for plaintiffs was necessarily founded upon the theory that the transaction was in the form of an entirety and to the effect that the tractor and plows were sold as a single entity for a fixed lump sum purchase price. In view of

which the issue of breach of warranty becomes on this appeal wholly immaterial. The contract being one entire transaction plaintiffs must prevail, even though a breach of the warranty be conceded, for defendant could not affirm in part and reject in part. The law requires in such cases a repudiation as a whole. Continental Jewelry Co. v. Pugh Bros. 168 Ala. 295, 53 South. 324; 22 Ann. Cas. 657, note at page 663. Here defendant accepted and retained the plows, and by that act waived the fraud or breach of warranty in toto. Wagner v. Magee, 130 Minn. 162, 153 N. W. 313; The Encyclopedia Press Inc. v. Harris, 140 Minn. 145, 167 N. W. 363. The rule is different where the contract is divisible. 24 R. C. L. 360. A situation here foreclosed by the verdict of the jury.

The facts presented an ordinary case of breach of warranty, and an attempted but incomplete and ineffectual rescission. There was no fraud. In respect to the trial of the issue so presented, in the admission and exclusion of evidence we discover no error; nor was there substantial error in any of the instructions of the court to the jury. In reference to the principal issue the court was quite clear, and it cannot well be said that the jury was not fully advised of their duties in the premises. The attempt of defendant to create a divisible contract to justify his retention of part of the property, by negotiations between the parties looking to a possible settlement of the matters involved, which took place long after the commencement of the action, was properly rejected as not involved under the pleadings, and there was no error in that branch of the case. If the matters then discussed by the parties arose to the dignity of a new contract, or to a release of either party from the obligations with which they were confronted at the time the action was commenced, the matter should have been presented in the form of an application for leave to file a supplemental answer setting out the facts. It could not be brought into the case in the manner here attempted in the absence of the consent or acquiescence of plaintiffs, which does not appear.

This covers the case and all that need be said in disposing of the questions involved. The verdict of the jury is sustained by the evi-

dence, the record presents no error, and the judgment appealed from must therefore be affirmed.

It is so ordered.