## CHAS. TIEDEMAN, Plaintiff, v. HENRY RASMUSSEN, Defendant.

(198 N. W. 550.)

**Sales — buyer's remedies for breach of warranty enumerated.**

1. Where in the sale of personal property, which has passed to the buyer, there is a breach of warranty by the seller, the buyer is afforded three remedies, viz.: (1) Recoupment; (2) an action or counterclaim for damages, and (3) rescission. (Uniform Sales Act, chapter 202, Laws 1917, § 69.)

**Sales — buyer elected remedy of rescission for breach of warranty; instruction on that remedy alone not improper.**

2. In the instant case it is *held* for reasons stated in the opinion that the trial court did not err in instructing the jury on the theory of rescission alone.

Opinion filed April 21, 1924.

Recoupment, Set-Off and Counterclaim, 34 Cyc. pp. 577 n. 11; 642 n. 93. Sales, 35 Cyc. pp. 138 n. 46; 441 n. 82, 84.

Note.—(1) Remedy of buyer in action for damages growing out of breach, see note in 22 A.L.R. 135; 24 R. C. L. 105, 234, 287; 3 R. C. L. Supp. 1360, 1366; 5 R. C. L. Supp. 1277, 1289.

From a judgment of the District Court of LaMoure County, *Jansonius,* Special J., defendant appeals.

Affirmed.

*Kvello & Adams,* for appellant.

"The court in charging its jury shall only instruct as to the law of the case."

"It is elementary that it is not compulsory on a trial court to present every issue that may be raised by the testimony without a request directing the attention of the court thereto so long as the main issues and the principal contentions under the pleadings are intelligibly defined and submitted." North Star Lumber Co. v. Rosenquist, 29 N. D. 566, 151 N. W. 289.

"Where the instructions are not as clear and complete as they should have been, but no requests were made for further and more specific instructions, it is well settled that in the absence of such request, appellant will not be heard to complain where the instructions cover the subject correctly but only in a general way." Swords v. McDonnell, 31 N. D. 494, 154 N. W. 258; State ex rel. Peppel v. Banik, 21 N. D. 419, 131 N. W. 262; Zilke v. Johnson, 22 N. D. 85, 132 N. W. 640; Landis v. Fyles, 18 N. D. 590, 120 N. W. 566; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 227, 112 N. W. 972; State v. Rosecrans, 9 N. D. 163, 82 N. W. 422; State v. Haynes, 7 N. D. 352, 75 N. W. 267.

A party to an action is entitled to have the jury instructed with reference to his theory of the case when such theory is pleaded and supported by competent evidence. Beauchamp v. Leypoldt (Neb.) 188 N. W. 179; Waniorik v. United R. Co. (Cal.) 118 Pac. 946; Pffeiffer v. Oregon W. R. & Nav. Co. (Wash.) 144 Pac. 762; Biggs v. Senfferlein (Iowa) 145 N. W. 507.

It is held that the law imposes upon the court the duty of stating to the jury the law applicable to the case and entire failure to state the law to the jury has the effect of submitting to the jury the determination not only of the facts but of the law. York Park Bldg. Asso. v. Barnes (Neb.) 58 N. W. 440; Sandwich Mfg. Co. v. Shirley, 17 N. W. 267; Wilson v. Commercial Union Ins. Co. (S. D.) 89 N. W. 649; Schoovinger v. McNeeley (Wash.) 87 Pac. 574.

*Hutchinson & Lynch,* for respondent.

In the absence of evidence the contract price is presumed to be the value and the property must be of no value whatever to work an extinction of the price. Minneapolis Harvester Works v. Bonnallie, 29 Minn. 375; Douglass Axe Mfg. Co. v. Gardner, 10 Cush. 88; Kelsey v. Ringrose Net Co. (Wis.) 140 N. W. 66; Lewistown Foundry & Mach. Co. v. Hartford Stone Co. (Ohio) 110 N. E. 515.

The warranty must be an express warranty. There is no implied warranty in the sale of second hand machinery. 24 R. C. L. 444; Bayer v. Winton Motor Car Co. (Mich.) 160 N. W. 642.

The defendant waived any claim for recoupment for not offering to return the property within a reasonable time or giving notice to plaintiff of the alleged breach of warranty. Eagle Iron Works v. Des Moines Suburban R. Co. (Iowa) 70 N. W. 193; Murray v. Bailey, 193 N. W. 259; Collins v. Skillings (Mass.) 112 N. E. 938; Turner Agency v. Pemberton (Idaho) 221 Pac. 133.

The measure of damages claimed by defendant is not the proper measure in this case because the tractor has been used by the buyer and he has made material changes in it without notice to the plaintiff. Eagle Iron Works v. Des Moines R. Co. supra.

That the plaintiff must rely upon an express warranty, having alleged an express warranty, see American Varnish Co. v. Globe Furniture Co. 165 N. W. 1050.

The true measure of damages is the difference in the value of the tractor if it was as warranted and its value as it was if there was a breach of warranty, and it did not comply with the warranty. Elliott Supply Co. v. Johnson, 34 N. D. 638; Holbert v. Weber, 36 N. D. 106.

The burden of proof is on the defendant to establish the warranty and breach by a fair preponderance of the evidence. Fealk v. Economy Baler Co. 193 N. W. 787.

CHRISTIANSON, J. Plaintiff brought this action to recover upon a promissory note in the sum of $550, executed by the defendant to the plaintiff. The defendant in his answer admitted the execution and delivery of the note and that the plaintiff was the owner and holder thereof. The answer further averred that the consideration for the

note was the sale by the plaintiff to defendant of a second hand Hart-Parr gas tractor; that the defendant had had no experience with such engines either new or second hand and that he so informed the plaintiff; that the defendant informed the plaintiff that if he purchased the tractor he would do so for the purpose of using the same for plowing and also as a stationary engine for the purpose of operating a certain feed mill on his farm; that the plaintiff thereupon represented that the engine was in first class running and operating condition and would do the work which the defendant had so indicated he desired to have it do and that it would pull three two-bottom plows; that the plaintiff then and there by said words represented and promised that the engine was fit to do the work as outlined by the defendant and that defendant believed such representations and promises and so relying was induced to purchase the engine; that such promises and representations were untrue and that the engine was not fit for either of the stated purposes and that the same was of no value whatsoever; that among other things said engine was defective in that it had a leaky water jacket; that immediately after the purchase and upon the discovery of the defective condition the defendant notified the plaintiff of such defects and that the plaintiff thereafter attempted to repair the same but to no effect or purpose; that the defects were unknown to the defendant at the time of the purchase and were of such character that they could not be discovered; that by a reason of the defects the engine was of no value and the consideration for said note wholly failed. The answer further alleges that both the defendant and the plaintiff tried to repair the engine and that after it was found that it could not be made to work the defendant notified the plaintiff and asked him to come and remove the engine from defendant's premises and further notified the plaintiff that he would not pay for the engine; that the plaintiff has failed, refused and neglected to remove said property but that defendant has been and is willing to have the said property removed from his premises. All of said matters were also alleged by way of counterclaim and it was further alleged that the defendant had expended in all $33.-25 in money, and labor of the value of $75, in endeavoring to repair the engine and making the same work. And defendant asked judgment against the plaintiff for a dismissal of the action and for his damages and costs and disbursements. The plaintiff interposed a reply denying

all the new matters set forth in the answer and in the counterclaim. The cause was tried to a jury upon the issues framed by these pleadings and resulted in a verdict in favor of the plaintiff for the full amount of the note. The defendant moved for a new trial on the ground that the trial court erred in instructing the jury as follows:

"If, however, you find from the evidence that there was a warranty and a breach of warranty, then you must go further; and in that event you must determine from the evidence what was done by the defendant. That is, you must determine whether or not the defendant returned or offered to return the tractor within a reasonable time, if he did then the plaintiff cannot recover in this action; therefore if you do not find these essentials to the defense, then the verdict must be for the plaintiff.

"Remember the issues as they are framed, there is no question but that the note was executed by the defendant. The question is: was there a warranty and a breach of warranty and if there was, did the defendant return or offer to return the tractor, within a reasonable time."

In the motion for a new trial it is said: "The above instructions are claimed to be erroneous by the defendant in that the jury was limited in its consideration of the issues of the case to only the fact of a rescission of the contract on the part of the defendant and that the instructions excluded a further question raised by the pleadings and the evidence to the effect that even though there was no rescission on the part of the defendant, the defendant was entitled to a consideration of his damages by virtue of the breach of warranty and to have determined the actual value of the tractor under the proof of warranty and breach thereof, if any; said instructions were further erroneous and misleading for the reason that they withdrew from the jury the question of failure of consideration by virtue of warranty and breach thereof, if any."

After due consideration of such motion the trial judge filed the following decision:

"In my opinion the motion for a new trial should be denied in this case. ...

"I think the instructions are in harmony with the theory the defendant assumed at the trial. If I remember correctly the defendant

attempted to show a rescission of the contract—in other words, he elected that remedy.

"No evidence was offered, as I remember the case, of damages by way of recoupment in diminution of the debt, and there would have been no way for the jury to determine the amount of the damages.

"I remember that I had, in drawing my outline for instructions during the recess, included instructions on this theory of the case, but did not use them because I considered that it had been abandoned, and no instructions along this line were requested.

"I feel that substantial justice was done, and will therefore deny the motion."

The sole question presented on this appeal is: Did the court err in instructing the jury as above set forth? After careful consideration we have reached the conclusion that no error was committed.

The statute (Uniform Sales Act, § 69, Laws 1917, chap. 202) provides:

"(1) Where there is a breach of warranty by the seller; the buyer may, at his election—

"(a) Accept or keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution or extinction of the price;

"(b) Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty; . . .

"(d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid. . . .

"(2) When the buyer *has claimed* and *been granted a remedy* in any one of these ways, no other remedy can thereafter be granted.

"(3) Where the goods have been delivered to the buyer, he cannot rescind . . . if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer. . . .

"(4) Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon the returning or offering to return the goods. . . .

"(6) The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.

"(7) In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing the proximate damage of a greater amount, is the difference between the value of the goods at the time of the delivery to the buyer and the value they would have had if they had answered the warranty."

It will be noted that in cases where the property has passed three remedies are available to the buyer: (1) Recoupment, (2) an action or counterclaim for damages, and (3) rescission. § 69, supra. See also Williston, Sales, § 604.

But when the buyer has claimed and been granted a remedy in any one of these ways no other remedy can thereafter be granted. Section 69 (2) supra. The defendant in this case apparently sought to defend on all three theories; for the breach of warranty is (1) asserted by way of recoupment in extinction of the purchase price; (2) it is asserted that the defendant rescinded the sale; and (3) a counterclaim is interposed for the full amount of the purchase price and certain additional consequential damages. No question is presented on the record in this case as to whether under such an answer a defendant may be required to elect which one of the three theories he will rely on; or whether all three or any two of them may be submitted to the jury under appropriate instructions.

While there is some distinction between recoupment and counterclaim as regards the theory on which the amount of the buyer's damages is arrived at, and in some cases the two remedies may not produce the same result (Williston, Sales, § 605), under either theory it is incumbent upon the buyer to adduce evidence by which his damages may be measured. And the measure of such damages is fixed by § 69, (6), (7), supra. In this case there is no evidence as to what the tractor would have been worth if it had answered the alleged warranty. And the evidence adduced by defendant as to its value at the time of delivery is quite unsatisfactory and falls far short of showing that it was wholly without value; and no evidence whatever was adduced tending to establish the allegations of special damages on account of moneys expended for repairs, etc. Upon the record as a whole, we think

it is only natural that the trial court should have concluded, as he did, that the plea of recoupment and the counterclaim had both been abandoned, and that the defendant had elected to stand upon the theory of rescission. The trial court gave instructions on this theory, and no suggestion was made that other and additional instructions ought to be given upon the theory of recoupment or counterclaim. Considering the record as a whole, we are unable to say that the trial court committed error in instructing as he did. The judgment appealed from is therefore affirmed; but in order to preserve any rights the defendant may have (and we express no opinion whatever upon the question whether the evidence was sufficient to establish a warranty or a breach thereof at all), such affirmance will be without prejudice to the right of the defendant to maintain an action against the plaintiff for the damages he claims to have sustained by reason of the alleged breach of warranty. It is so ordered.

BRONSON, Ch. J., and BIRDZELL, JOHNSON, and NUESSLE, JJ., concur.