GOLDMAN *v.* GREAT LAKES FOUNDRY CO.

1. CUSTOMS AND USAGES—SALES—PLEADING.
   In an action for goods sold and delivered, a trade custom, relied on as an affirmative defense for the purpose of recoupment, should be specially pleaded.[1]

2. SAME—GENERAL CUSTOM.
   In such action, evidence of a general custom, not pleaded, was admissible to meet plaintiff's case, but not as a basis of a pleaded affirmative defense of recoupment.[2]

3. PLEADING—INCONSISTENT PLEADINGS.
   In an action for goods sold and delivered, the right of defendant to take the inconsistent positions of rescission of the contract and also claim damages for breach of warranty, which necessarily implies an affirmance of the contract, is recognized.[3]

4. SAME—SALES—INCONSISTENT REMEDIES—UNIFORM SALES ACT—EVIDENCE—ELECTION OF REMEDIES.
   Where, in an action for scrap metal sold and delivered, defendant elected to plant his defense on rescission for breach of warranty, the exclusion of evidence regarding a trade custom to accept a return of unsuitable metal, in effect because of and under the contract, was not error, since, under the uniform sales act (3 Comp. Laws 1915, § 11900), the right to rescind for breach of warranty in a contract to sell or a sale is entire, and defendant could not rescind in part and treat a part as valid.[4]

5. PRINCIPAL AND AGENT—SALES—WARRANTY OF AGENT—AUTHORITY MUST BE SHOWN.
   In an action by a dealer in scrap metal for the purchase price of certain steel tubes, evidence of an express warranty by plaintiff's yard superintendent was properly excluded, in the absence of evidence that he had actual authority to warrant, or that such warranty was a usual or customary incident of such sales.[5]

---

[1]Customs and Usages, 17 C. J. § 80; [2]Id., 17 C. J. § 80; [3]Sales, 35 Cyc. p. 553; [4]Id., 35 Cyc. p. 139; [5]Agency, 2 C. J. § 236.

Error to St. Clair; Law (Eugene F.), J.    Submitted January 9, 1925.    (Docket No. 66.)    Decided April 3, 1925.

Assumpsit by Jacob S. Goldman, doing business as the United Iron & Metal Company, against the Great Lakes Foundry Company for goods sold and delivered. Judgment for plaintiff.    Defendant brings error. Affirmed.

*Lincoln Avery* and *John W. Langs,* for appellant.

*Shirley Stewart,* for appellee.

CLARK, J.    Defendant operated a foundry at Port Huron.    The mixture for its cupola required 6% of steel.    Lacking the steel, it sought to buy from plaintiff, a dealer in metal scrap.    Plaintiff had old steel scrap, tubes from the condensers of salt works. Within the tubes was a gypsum scale.    Defendant bought 50 tons of the tubes, which, as per order, plaintiff cut into short lengths, and delivered to defendant.    Defendant claims that plaintiff undertook and warranted that the material, when delivered, would be practically free from scale, which plaintiff denies.    The ends of the short pieces of tube were pinched together in cutting and a quantity of scale was thus confined in most of such pieces.    From time to time in charging the cupola, defendant used such steel in its mixture, in all about 20 tons, until, as it says, it discovered excessive slag in its castings, causing excessive rejections and remelting.    It further says that, by checking and elimination, it traced the cause to the scale in the steel tubes.    It had not paid plaintiff.    It gave notice of rescission of the contract, directed plaintiff to remove from its premises the remaining steel and refused payment.    Sued for the price, $800, it pleaded the general issue, adding thereto

notice of breach of warranty and rescission on account thereof, and claiming damages by way of recoupment, $1,000.    Plaintiff had verdict and judgment.    Defendant brings error.

1. Appellant contends:

"The purchase was made in the light of the universal trade custom, well known to both parties, that where a second-hand dealer supplies scrap metal to a foundry which is not suitable for its use, that the material will be taken back by the seller.    It was the implied agreement between the parties, and evidence of such a custom should not have been excluded by the trial court."

The evidence offered by defendant was excluded on the theory that such custom should have been pleaded. As an affirmative defense for the purpose of recoupment it should be pleaded specially.    But defendant claimed a general, not a particular custom, which need not as a rule be pleaded.    *Saginaw Milling Co.* v. *Schram*, 186 Mich. 52; 27 R. C. L. pp. 153, 195. Evidence of a general custom not pleaded was admissible to meet plaintiff's case, but was not admissible as a basis of the said pleaded affirmative defense. But excluding the evidence is held not to be error on another ground.    Defendant's plea claimed rescission of the contract, and it also claimed damages for breach of warranty, the latter necessarily on the theory of an affirmance of the contract.    The right to take these inconsistent positions in pleading has been recognized. *Glover* v. *Radford*, 120 Mich. 542.    But defendant abandoned claim for damages and finally settled down to the defense of rescission for breach of warranty.

We quote counsel's statement made at the conclusion of proof:

"*Mr. Avery:* I would like to amend the notice under the plea so that it would conform to the proofs as they have been put in and the theory on which we have tried this case.    On page 1 under the notice, first I want

to read it as follows: That plaintiff expressly warranted that the scale and rust would be cleaned out of the 50 tons of steel boiler tubes sold by plaintiff to defendant, before delivering them to this defendant, and yet notwithstanding the plaintiff did not clean out the scale and rust off said tubes and that plaintiff has been notified that such was the case and that defendant has rescinded the sale of such boiler tubes and has notified the plaintiff to come and get them.

*"Mr. Stewart:* I object to any amendment of the plea.

*"The Court:* The amendment to defendant's notice which he asked may be made."

In this State a buyer acquired, by the uniform sales act, the right to rescind a contract to sell or a sale for breach of warranty. 3 Comp. Laws 1915, § 11900. But rescission is entire. Defendant could not rescind a part of the contract, the promise to pay, and at the same time treat as valid a part of the contract, which it deems favorable to it, the claimed custom with reference to which the parties are said to have dealt. *Jewett* v. *Petit,* 4 Mich. 508; *Draper* v. *Fletcher,* 26 Mich. 154; *Hubbardston Lumber Co.* v. *Bates,* 31 Mich. 158; *Brown* v. *Miller,* 63 Mich. 413.

If defendant intended to require plaintiff to accept a return of the metal because of the claimed general custom, in effect, because of and under the contract, it should have stood on the contract, affirmed the contract and insisted upon its rights under it. But it elected to rescind. It tried the case on the theory of rescission. It cannot now assert the right to affirm, and assignments based on the theory of affirmance of the contract, which include the question before us, will be disregarded. *Watkins* v. *Phelps,* 165 Mich. 180. Because of the verdict, we need not determine the merits of the defense of rescission.

2. One Tracy was plaintiff's yard superintendent. Defendant sought to rely on an express warranty by Tracy that the scale would be removed from the inside

of the tubes before delivery.    The court refused because it was not shown that the agent Tracy had authority to make the express warranty.    The rule is stated in 2 Williston on Sales, p. 1101:

"But as to express warranties, the better view is that evidence is necessary either of actual authority or that the practice of giving a warranty in a sale of the sort in question was so usual that a reasonable man would have understood that the power was granted."

And see 2 C. J. p. 601.

There was no evidence that Tracy had actual authority to make the express warranty and none that such a warranty was a usual or customary incident in a sale of this sort, a sale of junk or scrap.    The ruling is right.

We have considered other questions raised.    No reversible error is found.

Judgment affirmed.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.