## ALLIS-CHALMERS MANUFACTURING COMPANY, a Corporation, Appellant, v. DAVID FRANK, Respondent.

(221 N. W. 75.)

Opinion filed July 27, 1928. Rehearing denied October 1, 1928.

*Pierce, Tenneson, Cupler, & Stambaugh,* for appellant.

*F. M. Jackson,* for respondent.

BURR, J. Plaintiff seeks to foreclose a certain chattel mortgage in the form of a bill of sale on one model 15–25 Allis-Chalmers tractor No. 21269 with motor No. 15299; one No. 43 3-bottom LaCrosse plow serial No. 543; and two 14″ breaker bottoms, given by defendant to secure the payment of his note made March 9, 1926 for $800, due Nov. 1, 1926, with interest at 8% per annum. No part of the note has ever been paid.

The defendant admits the making of the note and the giving of the chattel mortgage but alleges he purchased said machinery from the

plaintiff under special representations and warranties regarding the tractor and that relying on these representations and warranties he paid part of the purchase price and gave this note for the remainder. He alleges a breach of these warranties and a rescission of the contract by him. He then sets up a counterclaim wherein he realleges these statements, and says that by reason of the breach of the warranties he "has suffered damages in the sum of $765 paid to the plaintiff and the further sum of $300 for loss of time and loss of part of the crop that he failed to plant by reason of such defective tractor." There is no objection to the plows.

The plaintiff replies to the counterclaim alleging that the defendant purchased the tractor from the machine firm of Odou, Arnold & Myron and not from the plaintiff; that this "sale was consummated by a contract in writing . . . which said contract showed all the terms, conditions and warranties made and entered into in said sale;" that the plaintiff complied with all of its agreements and conditions and that the defendant failed and neglected to fulfil any of his conditions and agreements; that the defendant never rescinded the contract or gave notice of rescission; that the said machinery firm was indebted to the plaintiff and that plaintiff accepted defendant's note from the machinery company as part payment of this indebtedness; that "the note was accepted . . . in good faith for a valuable consideration" and that they "had no notice of any infirmity in the instrument or defect in the title of said vendors or of any defense to the payment of the same existing in favor of or claimed by the defendant."

The trial court made findings of fact and conclusions of law favorable to the defendant and gave judgment against the plaintiff for $989.40. Plaintiff appeals and demands a trial de novo.

The evidence shows the machinery mortgaged was ordered in writing by the defendant from the firm of Odou, Arnold & Myron of Hettinger, N. D., upon a blank described as "Customer's Order for Allis-Chalmers Tractors, etc." This order provides "this order shall not be binding upon the parties hereto until the same is approved in writing by an executive officer of the Allis-Chalmers Mfg. Co." The form on its face shows conclusively that it is prepared by and for the plaintiff and provides that whatever notes are given "shall be made payable to Allis-Chalmers Manufacturing Company," and the note

is so made. The evidence shows the firm of O. A. & M. was dealer or agent of the plaintiff, taking orders for machinery of the plaintiff and receiving commission on the sales, and that after the defendant's order was taken sent in an order for six tractors. This disposes of the claim of plaintiff that the firm, as distinct from it, was the vendor, and also any claim based on the taking of the note for indebtedness due it from this firm.

There is no testimony whatever to the effect that at the time of the purchase of the tractor any warranties were made by the plaintiff or by its agent the machinery company as alleged in the answer. No witness testifies to any such statements and the testimony is utterly devoid of any proof regarding special guaranties or warranties whatsoever. Therefore we are confined to the warranty set forth in the written contract, and such implied warranties as may be attached thereto.

In the written order given by the defendant is found the following statement of warranties, guaranties and terms, to wit:

"The undersigned asserts that he enters this order upon the inducement of no other representation than that contained in the standard warranty of the maunfacturer, as herein below set forth:

"Allis-Chalmers Manufacturing Company guarantees that it will repair, F. O. B. its factory, or furnish without charge f. o. b. its factory, a similar part to replace any material in its tractors which within one year after the date of sale is proven to the satisfaction of the company to have been defective at the time it was sold; provided that the purchaser shall record with the company, within ten (10) days of the date of delivery, the number and date of the purchase of such tractor, and provided that all parts claimed defective shall be returned, properly identified, to the Company at Milwaukee, Wisconsin, charges prepaid.

"Purchaser agrees that retention or possession for more than six days after first day's use of such machinery purchased herein, shall be construed as conclusive evidence that the warranty has been fulfilled and that the company is hereby released from all further warranty, except as to defective parts.

"This order shall not be binding upon the parties hereto until the

same is approved in writing by an executive officer of the Allis-Chalmers Manufacturing Company."

Under subdivision 1 of § 15, chapter 202 of the Session Laws of 1917 being § 6002a15 of the Supplement:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies upon the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for that purpose."

Whatever contract the parties made is made in contemplation of the law in existence at that time. There is nothing in the testimony to the effect that the parties said for what purpose they wanted the machinery but the contract was for the purchase of the tractor and "one No. 43 3-bottom plow and 2 breaker bottoms." These, together with the tractor, were included in the one contract for purchase. The payment made was a payment on the total purchase price of $1,577.50. The plows cost $192.50 but the payment was over $700, so that the goods were all purchased at the same time. The plaintiff must have known for what purpose the machinery was bought. Hence, even aside from the statute, governing such transactions (§ 5991a of the Supp.) the goods were purchased with the implied warranty, that they were "reasonably fit" for the purpose made known by the buyer to the seller. For a breach of this warranty the purchaser was entitled to rescind the contract.

Under the terms of the contract involved the only expressed guaranty or warranty is that the plaintiff would repair any part of the tractor which within one year from the date of sale is found to have been defective at the time it was sold or furnish a similar part to replace the defective part under the same conditions. But the purchaser agreed that this was subject to the condition that within ten days from the date the tractor was delivered to him he would record with the company the number and date of the purchase of the tractor, and further that any parts which he claimed were defective should be returned to the company at Milwaukee, Wisconsin, after being properly identified. There is no proof whatever offered to show that the purchaser complied with any of these provisions, in fact the testimony shows he never did record the number and date of purchase of the tractor nor is

there any pretense on his part that he sent any of the defective parts to the company at Milwaukee. There is testimony that the tractor did·not work to his satisfaction. He took the matter up immediately with the firm of O. A. & M. through whom he had purchased the tractor. This firm sent out a man to look over and repair the tractor and the mechanic worked on it. Further complaint was made to the machinery company of Hettinger but no proof of any attempt at compliance with the provisions of the contract required to set in motion the guaranty or warranty of the company. However, the implied warranty that the tractor was reasonably fit for the purpose for which it was bought exists independent of the contract and therefore if the purchaser shows a violation of the implied warranty he had a right to rescind, provided he did so within a reasonable time. The provision of the contract to the effect that the purchaser "agrees that retention or possession for more than six days after the first day's use of such machinery . . . shall be construed as conclusive evidence that the warranty has been fulfilled," does not apply to defective parts and in any event in view of the holding of this court in the case of Minneapolis Threshing Mach. Co. v. Hocking, 54 N. D. 559, 209 N. W. 996, such limitation to six days is not binding upon the purchaser in the light of the provision of chapter 238 of the Session Laws of 1919, being § 5991a of the Supp. for this provision gives the purchaser of such a tractor "a reasonable time after delivery, for the inspection and testing of the same and if it does not prove to be reasonably fit for the purpose for which it was purchased the purchaser may rescind the sale by giving notice within a reasonable time after delivery to the parties from whom any such machinery was purchased, or the agent who negotiated the sale or made delivery of such personal property or his successor and placing same at the disposal of the seller." There is no agreement the six days is a reasonable time. It becomes incumbent therefore upon the defendant to show that he complied with the statute with reference to rescission in the light of the provisions of this section.

The tractor was purchased February 20, 1926, and was delivered on or about March 9, 1926. It was taken to the farm about April 1, and shortly afterwards used in plowing. After plowing 28 acres complaint was made of the way it was wasting oil and a mechanic

was sent to overhaul it. Between April 1 and June 15, 1926 some 275 or 300 acres of ground were plowed and the testimony shows the purchaser complained frequently about the waste of oil and other alleged defects. He testified that he himself never ran the tractor but that his boys did, and that the boys threshed with it six or seven days in the fall of 1926 for him and for a neighbor. There is no claim whatever on the part of the defendant that he at any time ever notified the plaintiff or the firm of O. A. & M. that he rescinded the contract or that he offered to return the property purchased, or that he returned it, or that the plaintiff or the machine company in Hettinger refused it. The only testimony offered on this subject is the statement of the defendant himself to the effect that during the fall one whom he supposed to be an Allis-Chalmers man, came out there; that he did not know the name of this man; but the man asked him if he "would accept the tractor if they would put in a new crank shaft or trade it in for a bigger one and I told them I did not want the thing on the place." The learned trial court in his findings at finding No. 4 says: "This seems to be all of the evidence in this case with reference to rescission." It is all of the evidence and the trial court construes it to be proof either that the tractor had never been accepted by the defendant or that a rescission had been made. This incident took place in the fall of 1926.

Under the provisions of § 5936 of the Code, "rescission . : : can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply" with the rules laid down in the section.

"He must rescind promptly upon discovering the facts which entitled him to rescind" and "he must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same upon condition that such party shall do likewise unless the latter, is unable or positively refuses to do so."

Section 6002a69 of the Supp. being § 69 of the "Uniform Sales Act," gives to the buyer the right to elect whether he will accept or keep the goods and maintain actions thereon or rescind the contract, and return the goods "or offer to return them to the seller and recover the price or any part thereof which has been paid." To rescind the buyer must return or offer to return all the property he received when

the contract is an entire one. It is true the tractor and each set of plow bottoms are priced separately, but it is one contract. In the case of State Bank v. Sukut, 50 N. D. 397, 196 N. W. 100, where the defense of rescission had been maintained successfully the plaintiff sought to recover for the goods which were not objectionable. By referring to the same case on a different point (48 N. D. 987, 187 N. W. 960) we find the contract was for the purchase of a tractor, plow bottoms, plow lays and other items of merchandise. The only objection was to the tractor. This court held that the contract was one contract, and having been rescinded the plaintiff could not recover for the value of the plows. In the case at bar it is all one contract and the defendant cannot rescind by offering to return simply that portion which was objectionable to him, and at the same time keep the remainder. In Klemmer v. Bierdorf, 155 Minn. 365, 193 N. W. 592, it is said:

"An entire contract which may be rescinded for the breach thereof by one of the parties cannot be affirmed in part and rejected in part. A disaffirmance or rescission must be in toto."

This was the case of the sale of a farm tractor with detachable plows attached. The buyer sought to retain the plows and rescind as to the tractor. To the same effect is Shohfi v. Rice, 241 Mass. 211, 135 N. E. 141. See also J. L. Owens Co. v. Doughty, 16 N. D. 10, 110 N. W. 78; Poirier Co. v. Kitts, 18 N. D. 556, 120 N. W. 558; Beare v. Wright, 14 N. D. 26, 69 L.R.A. 409, 103 N. W. 632, 8 Ann. Cas. 1057.

There is a counterclaim set up in which the defendant asks for damages. It is true that inconsistent defenses may be pleaded. Grewer v. Schafer, 50 N. D. 642, 197 N. W. 596; Goldman v. Great Lakes Foundry Co. 230 Mich. 524, 203 N. W. 103. But where the theory of the case shows the defendant relied upon one, the defense of rescission, and not on retention of the goods and counterclaim for damages then the latter is considered to be abandoned. The whole theory of the counterclaim is a theory of rescission. It may be said in the counterclaim the defendant has sought to defend for breach of warranty but it is said in Tiedeman v. Rasmussen, 50 N. D. 966, 972, 198 N. W. 550, whether he asks recoupment or sets up a counterclaim "under either theory it is incumbent upon the buyer to adduce evidence

by which these damages may be measured." No attempt whatever was made to show any of the special damages claimed and the counterclaim therefor is merely for the portion of the purchase price paid. This he could recover under rescission.

In this case the uncontradicted evidence shows that the buyer kept and used the tractor after claiming that it was defective. He did not return the property to the seller nor offer to return it. In the case of Clark Implement Co. v. Priebe, 52 S. D. 606, 219 N. W. 475, the court held that under such set of facts there could be no rescission though the defendant in his answer "asked judgment that the notes sued on be delivered up and cancelled and that defendant have judgment against the plaintiff for the amount paid by defendant upon the price." Subdivision 2 of § 6002a69 says: "When the buyer has claimed and been granted a remedy in any of these ways (remedies for breach of warranty) no other remedy can thereafter be granted." Though defendant failed to rescind we do not hold he cannot avail himself of other remedies specified in said § 6002a69 which may be available by amendment of his pleadings. See Gorman-Head Auto Co. v. Barrett, 78 Okla. 34, 188 Pac. 1083.

The judgment of the lower court will be reversed and the case remanded for further proceedings in harmony with this decision.

NUESSLE, Ch. J., and CHRISTIANSON, BIRDZELL, and BURKE, JJ., concur.

## On Petition for Rehearing and Modification.

BURR, J. Appellant takes exception to the action of this court in remanding the case for further proceedings and urges that under the terms of the contract "retention or possession (of the tractor) for more than six days after the first day's use of such machinery . . . shall be construed as conclusive evidence that the warranty has been fulfilled, and that the company is hereby released from all further warranty except as to defective parts." And therefore plaintiff was released "from all warranties other than the express warranty as to defective parts" because the property had been retained and kept in the possession "for more than six days after the first day's use of

such machinery." The portion of the contract involved in this contention is set out in the main opinion. The "retention or possession for more than six days" is by contract conclusive evidence that the warranty is fulfilled, and by contract the company is released from any warranty except the one set forth. But § 5991a of the Compiled Laws being § 1 of chapter 238 of the Session Laws of 1919 (quoted in the main opinion) gives the purchaser a "reasonable time" to inspect the goods. § 5993a says:

"Any provision in any written order or contract of sale, or other contract which is contrary to any of the provisions of this act is hereby declared to be against public policy and void."

And § 5991a is one "of the provisions of this act." Hence it is a part of the contract. This statute does not make rescission the sole method for securing rights. The "reasonable time" specified therein is not for the purpose of rescission only. It is true the purchaser may so act that he loses his right to rescind; but he does not necessarily lose his right to retain the machinery, and sue for damages. While § 6002a69 specifies the "remedies for breach of warranty" making provision for rescission, and says at subdiv. 2 "when the buyer has *claimed and been granted* a remedy in any one of these ways no other remedy can thereafter be granted" yet it also makes provision for retention of the goods and a suit for "damages for the breach of warranty." In this case while the buyer *claimed* the remedy of rescission he has not been *granted* the remedy. Hence he is not necessarily barred from bringing a suit for damages. We are not saying the buyer may do so in this case; nor are we saying he is precluded from doing so. The petition for rehearing and modification is denied.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.