[File No. 6181.]

MYRON S. UHRIG, Appellant, v. J. I. CASE THRESHING MACHINE COMPANY, a Corporation, Respondent.

(250 N. W. 922.)

Opinion filed August 25, 1933. Rehearing denied November 23, 1933.

*Jacobsen & Murray,* for appellant.

*Morrison & Skaug* and *P. B. Garberg,* for respondent.

Nuessle, Ch. J.   In March, 1927, the plaintiff, at the solicitation of Palmer Brothers, machinery dealers who were selling the defendant's machinery in the territory wherein plaintiff resided, signed an order addressed to the defendant for the purchase of a gas tractor and plows.   This was transmitted to the defendant, but for some reason, which does not appear in the record, was rejected by it.   On May 2nd the plaintiff signed another order for the purchase of one secondhand 15-27 gas tractor, one three bottom Grand Detour secondhand plow, and one three breaker bottom extension axle.   This order also was signed at the solicitation of Palmer Brothers and one of the company's blockmen named Church.   Among other things the order recited:

"As a condition hereof it is fully understood and agreed that said machinery is purchased as second-hand and the Company makes no warranties or guaranties of any kind either expressly or by implication except as to the ownership thereof at time and place of delivery.

"No representation made by any person as an inducement to give and execute this order shall bind the Company."

On the right-hand margin of the order in large black face type was printed: "Salesmen, Mechanics and Experts are not authorized to bind the Company by any act, contract or statement."   On the opposite margin was printed: "No Branch Manager, Salesman, Expert, Local Dealer or any other person unless authorized in writing by an officer of the Company has any authority to waive, alter or enlarge this contract or to make any new or substituted or different contract, representation or warranty."   This order was executed by the plaintiff in triplicate and he received and retained one copy thereof.   Immediately above his signature is printed: "The undersigned hereby acknowledge to have received a full, true and correct copy of this order, and that no promises, representations or agreements have been made to or with me not herein contained."   Palmer Brothers, after having procured the order from the plaintiff, indorsed their recommendation and approval thereon and forwarded it to the defendant.   The defendant accepted this order and pursuant to its terms shipped to the plaintiff the machinery described therein.   Under the terms of the order plaintiff

was to pay $1,275 for the machinery, payable $675 on September 1, 1927, and $600 on September 1, 1928, these payments to be secured by mortgage on the machinery purchased and earnings thereof, and also on certain crop to be planted and grown in 1927 and on ten head of cattle, the property of the plaintiff. In due time the plaintiff received the machinery. He executed the notes and mortgages pursuant to the agreement, paid the freight and took the machinery to his farm. He kept it in his possession and used it. In 1928 he traded the plow to Palmer Brothers for another secondhand plow. On November 17, 1927, he made a payment of $277.35; on February 2, 1929, $232.85; on November 27, 1929, $295. In March, 1928, he executed renewal notes and mortgages, and again in February, 1929, in January, 1931, and in February, 1931. In October, 1931, plaintiff served notice of rescission of the contract, tendered a return of the tractor, and demanded the repayment to him of the purchase price theretofore paid. In October, 1931, he began the instant action.

In his complaint the plaintiff alleged an agreement on the part of the defendant to sell and on his part to buy the machinery in question; that the defendant's agents represented and warranted that such machinery was rebuilt and would run and operate as well as though new; that they falsely and fraudulently represented that such warranties were incorporated in the written order which the plaintiff would be required to sign; that believing all of such representations and relying thereupon the plaintiff agreed to and did purchase the machinery and signed the order therefor; that within a reasonable time after the plaintiff purchased and acquired possession of the machinery he gave it a fair trial and discovered that it was not the machinery he had contracted to buy and that it was defective and would not work; that he immediately rescinded the contract of sale, tendered a return of the tractor to the defendant and demanded back the purchase price; that the defendant induced him to keep said tractor by promising to fix it and make it as represented to him and fit for the purposes for which it was bought, and that if the defendant failed so to do the purchase price would be returned to the plaintiff; that the plaintiff relying on said assurances and representations permitted the tractor to remain on his premises; that thereafter through duress and coercion and upon

the further assurances of the defendant that it would repair, rebuild and make the same work, the plaintiff made certain payments on the purchase price and executed renewals of his notes and chattel mortgages; that the defendant wholly failed to repair and rebuild the tractor and make the same work; and concluded "That by reason of the foregoing promises, this plaintiff is entitled to a return of the purchase price as aforementioned, towit: the sum of $1,350.00. That the defendant by its acts and conduct as aforementioned has waived any provisions in the contract and any provisions of law with reference to a return or offer to return the tractor, or rescission of same by reason of inducing the plaintiff to keep same under promises of repair, etc. That by reason of the foregoing promises, the plaintiff has been damaged in the sum of $1,350.00 with interest thereon at the rate of 6% from the 2nd day of May, 1927. Wherefore, Plaintiff prays for judgment against the defendant for the sum of $1,350.00 with interest thereon at the rate of 6% per annum, together with the costs and disbursements of this action." To this complaint the defendant answered, admitting the sale of the machinery to the plaintiff, but denying generally all of the other matters and things set out in the complaint.

The case was tried to a jury, which returned a verdict for the plaintiff in the full amount of the payments as made by him, together with interest thereon from the dates thereof. At the close of the plaintiff's case, and again at the close of the whole case, the defendant moved for a dircted verdict on the ground that the plaintiff had failed to establish a cause of action, in that he had not shown any timely rescission or excuse therefor or any tender or offer of a return of the property. The motions were denied. The case was submitted to the jury on the theory of rescission. The court instructed that it was for the jury to determine as to whether the machinery was fit and suitable to satisfy the purpose for which it was purchased and, if it was not, as to whether the plaintiff on that account had rescinded the contract of purchase and placed the machinery at the disposal of the seller. The jury returned a verdict for the plaintiff. Before judgment was entered thereon the defendant moved for judgment notwithstanding the verdict. This motion was taken under advisement by the court. Thereafter judgment was entered and subsequently the defendant moved for a new

trial or for judgment notwithstanding the verdict on the grounds on which it had predicated its motion for directed verdict. The court granted the motion for judgment notwithstanding the verdict, ordered judgment for the defendant accordingly, and judgment was entered thereon. Thereupon the plaintiff perfected the instant appeal.

An orderly disposition of this appeal makes it necessary first to determine the contract which fixes the rights and obligations of the parties. The defendant insists that the order heretofore referred to constitutes such contract. The plaintiff is equally insistent that the contract is an oral one made subsequent to the delivery of the machinery. The order in question, and on which the defendant relies, is in plain print and easily readable. As stated above, it provides: "No representation made by any person as an inducement to give and execute this order shall bind the Company." The contract on its face gives further notice of the limitation of the authority of dealers and salesmen to waive, alter, or enlarge its terms. Notice could not be more effectively given than by the words printed in large black face type on the margins of the contract heretofore referred to. The plaintiff reads, writes and speaks English fluently. There is no contention that anyone, either by subterfuge or persuasion or otherwise, attempted to prevent him from reading the contract. There can be no question but that if he had wished to do so he could have read the order before he signed it, and that if he did not it was because of his own indifference and carelessness, and only because thereof. If the contract is different from what he thought it to be, that is his own fault and he is bound thereby. See Minneapolis Threshing Mach. Co. v. Hocking, 54 N. D. 559, 209 N. W. 996. Plaintiff, however, insists that this written contract is not in effect for the reason that an oral contract was substituted in place of it; that when he discovered the defects in the machinery it was orally agreed between him and Palmer Brothers and Church, representing the defendant, that he should keep the machinery and that the defendant company would fix it in a satisfactory manner or take it back and return to him the consideration which he had given for it. In support of this contention he cites and relies upon the case of Westby v. J. I. Case Threshing Mach. Co. 21 N. D. 575, 132 N. W. 137. In that case, however, the machinery was not delivered to the purchaser Westby under the written contract. He refused to accept it and took it only

after an oral contract had been entered into under which he deposited with the agent of the machine company the purchase price, with the understanding that if the machine was not satisfactory such deposit would be returned to him. The machine company ratified the agreement thus made and so was held to be bound thereby. But, in the instant case, the delivery was made under the written contract. It is true that the plaintiff's testimony is that the tractor would not work and that he complained on that account, said that he wished to rescind the contract and tendered the machinery back but was induced to and did keep it because of the promises and assurances of Palmer Brothers and Church. However, there is nothing to establish that the defendant company in any way learned or was aware of the plaintiff's dissatisfaction or of the assurances and inducements made and offered by Palmer Brothers and by Church. On the contrary, some time after this, the plaintiff himself wrote to the defendant, referred to his order for and purchase of the machinery, and said that on account of his ill health he had been unable to put in as much crop as he had expected and therefore could not pay as much as he had agreed to pay, but that he had a considerable amount of profitable threshing work in sight and would like to arrange with the defendant for the purchase of a separator which, if he could buy it, would enable him to make the payment. But he said no word about any dissatisfaction with the tractor or plows or that they would not work or that he had refused to accept them or that there was any other contract than that which he had originally made. So we hold that on the record the contract which determines the rights and obligations of the parties is that embodied in the original order heretofore referred to.

The contract of purchase and sale covered the tractor, plows, and an extension axle. This machinery is within and subject to the provisions of the statute, § 5991a, 1925 Supplement, which provides that any person purchasing a gas or oil burning tractor for his own use shall have a reasonable time after delivery for the inspection and testing of the same and if it does not prove to be reasonably fit for the purposes for which it was purchased, may rescind the sale by giving notice within a reasonable time after delivery to the parties from whom such machinery was purchased or the agent who negotiated the sale or made delivery thereof and placing the same at the disposal of the seller. This

statute· became a part of and must be read into the contract notwithstanding any provisions thereof to the contrary.   See Minneapolis Threshing Mach. Co. v. Hocking, supra; Dwinnell v. Boehmer, 60 N. D. 302, 234 N. W. 655; Bratberg v. Advance-Rumely Thresher Co. 61 N. D. 452, 238 N. W. 552, 78 A.L.R. 1338; Kramer v. K. O. Lee & Son Co. 61 N. D. 28, 237 N. W. 166.   It insures to the purchaser of the machinery described therein a reasonable time to ascertain its fitness for the purposes for which it was bought, and if it prove to be unfit that the remedy of rescission prescribed· in §§ 5936, Comp. Laws 1913 and 6002a69, 1925 Supplement, shall be available.   Accordingly, if after the purchase of the machinery·in question it failed to fulfill the purpose for which it was bought, the plaintiff had a right to rescind within a reasonable time, depending upon all the circumstances in the case.   Dwinnell v. Boehmer, supra.   The plaintiff's evidence tends to show that the tractor was unfit for the purposes for which it was bought and that time and again he made known that fact to Palmer Brothers and to Church and to other blockmen or collectors of the defendant and advised them that he wished to rescind the contract and place the machinery at their disposal.   It likewise tends to show that in every instance Palmer Brothers told him that the defendant would fix the machinery if he would keep it and that if defendant did not fix it so it would work it would return the consideration theretofore given for it. The plaintiff's testimony is that this occurred time after time during each of the years 1927, 1928, 1929 and 1930, and this is also the testimony· of the Palmers.   The plaintiff made one substantial payment on his contract in 1927, one in February, 1929, and another in November, 1929; he also repeatedly executed renewal notes and mortgages.· He says, however, he made these payments and executed these notes and mortgages only because of the promises and assurances made to him and because of threat of foreclosure if he did not do so.   But he used the tractor during the seasons of 1927, 1928 and 1929 and never made any complaint to the defendant company or to any representatives thereof, other than Palmer Brothers and Church, until he served a written notice of rescission in October, 1931.   One of the Palmer Brothers, a witness for the plaintiff, testifies that in 1930 he was doubtful as to whether the defendant would do anything in the way of repairing the tractor and that he advised the plaintiff to· see a lawyer about the mat-

ter. Nevertheless, plaintiff thereafter executed further renewals and did nothing in the way of notifying the defendant of a rescission until October, 1931. It is clear to us that considering all the circumstances the plaintiff failed to act within a reasonable time and that he cannot say that this failure was induced by anything that was said or done by the defendant or by any of its agents or representatives acting within their authority. The plaintiff knew, or should have known, what his rights were under the contract. He knew, or should have known, that Palmer Brothers or Church, or any other person to whom he made complaint, were without authority to modify or alter the terms of the contract he had entered into or to waive any of the rights or obligations that arose out of it. See Minneapolis Threshing Mach. Co. v. Hocking, 54 N. D. 559, 209 N. W. 996, supra. But there is still another reason why the plaintiff could not avail himself of the remedy of rescission. The contract was a single indivisible contract for the purchase of a tractor, a plow and an extension axle. In 1928, a year after he says he knew the tractor was unfit for the purpose for which he had bought it, he traded off the plows. He did this without the knowledge or consent of the defendant. He never disclosed to them he had made such a trade. So thus by his own act he made it impossible to return the machinery he had bought under the contract. Therefore he could not rescind because a rescission contemplates that he who rescinds shall return that which he received and receive back that which he gave. See §§ 5936, Comp. Laws 1913 and 6002a69, Supplement; Dwinnell v. Boehmer, 60 N. D. 302, 234 N. W. 655, supra; Allis-Chalmers Mfg. Co. v. Frank, 57 N. D. 295, 221 N. W. 75; Advance-Rumely Thresher Co. v. Johnson, 62 N. D. 552, 243 N. W. 919, and cases cited.

Finally, the plaintiff urges that the court erred in ordering judgment notwithstanding the verdict instead of ordering a new trial. In that behalf he contends that in his complaint he stated a case not only on the theory of rescission but also on the theory of damages for breach of warranty and that by the rulings of the court he was confined in his proofs to the theory of rescission; that he was entitled to have the case submitted on the damage theory and so a new trial should have been ordered. See Fuller v. Fried, 57 N. D. 824, 224 N. W. 668; Allis-Chalmers Mfg. Co. v. Frank, 57 N. D. 295, 221 N. W. 75, supra; Kramer v. K. O. Lee & Son Co. 61 N. D. 28, 237 N. W. 166, supra.

We have set out verbatim in the statement heretofore made the allegations of his complaint with respect to both rescission and damages. Though the doubtful concession be made that the complaint was aimed at both rescission and damages, nevertheless an examination of the record discloses that the plaintiff tried the case wholly on the theory of rescission. His counsel on the trial stated to the court that he was relying on § 5991a, supra, and that section deals only with the remedy of rescission. Nor is there any evidence in the record indicating that the plaintiff at all relied on the damage theory, nor a single ruling on the part of the court whereby evidence offered pursuant to that theory was excluded. Finally, at the close of the case the court inquired if either of the parties had any request for instructions which they wished to be given to the jury, and none were submitted. The jury were instructed wholly on the theory of rescission and no exceptions were taken to the instructions thus given.

But there is a further, and we think insuperable reason why we must hold that the trial court did not err in refusing to grant a new trial. The contract which we have held to control in this case provides that the company makes no warranties or guaranties of any kind either expressly or by implication except as to the ownership thereof at time and place of delivery. Thus the parties expressly excluded all warranties except the warranty of title. They had the right to do this, except as that right was restricted by the provisions of the statute, §§ 5991a and 5993a, 1925 Supplement. Where as in this case the provisions of the contract are in conflict with the statute, the statute must be read into and as a part of the contract. Thus considering the contract if the machinery bought did not prove to be reasonably fit for the purpose for which it was purchased, plaintiff might rescind by giving notice within a reasonable time after the discovery of the unfitness thereof to the defendant itself or to the agent who negotiated the sale and placing the property at the disposal of the seller. Minneapolis Threshing Mach. Co. v. Hocking, 54 N. D. 559, 209 N. W. 996, supra; Palaniuk v. Allis-Chalmers Mfg. Co. 57 N. D. 199, 220 N. W. 638. That is, the statute not only insures to the purchaser of the machinery designated the right to ascertain its fitness, but it also prescribes and insures the remedy that he shall have in case it proves to be unfit. Where there is a conflict between the provisions of the contract and

the terms of the statute, the conflicting provisions of the contract are void. The terms of the statute are substituted in place thereof and the remainder of the contract stands. Therefore, in the instant case, while in effect the warranty of fitness is by virtue of the statute included within the contract, the only remedy available in case of its breach is that provided by the statute, that is, the remedy by rescission.

The judgment is affirmed.

BURR, CHRISTIANSON, BIRDZELL and BURKE, JJ., concur.