HUNT *v.* W. F. HURD CO.

1. SALES—CONTRACTS—UNIFORM SALES ACT.

    The legislature, by the "Uniform Sales Act" (3 Comp. Laws 1915, § 11832 *et seq.*), has not attempted to take away the common law right of parties to contract; section 11875, subd. 4, expressly providing otherwise.

2. SAME—DIRECTED VERDICT.

    In an action for a balance due on the purchase price of a shipment of lumber which defendant withheld because it claimed a certain amount was below grade, a verdict for plaintiffs was properly directed where defendant had failed to comply with the terms of the contract of sale providing that the shipment should be held intact for inspection by plaintiffs in case of complaint, and said complaint should be made within five days.

Error to Wayne; Chester, J., presiding. Submitted January 10, 1919. (Docket No. 15.) Decided April 3, 1919.

Assumpsit in justice's court by Charles Hunt and others, copartners as Hunt, Washington & Smith, against W. F. Hurd Company for goods sold and delivered. There was judgment for defendant, and plaintiffs appealed to the circuit court. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Sherman D. Callender,* for appellant.

FELLOWS, J. On May 4, 1915, defendant wrote plaintiffs enclosing an order for five cars of "1st and 2nds kiln dried plain red oak * * * graded national rules" at $51 per thousand, f. o. b. Detroit, "terms 2% 10 days after arrival." On May 10th the plaintiff accepted the order. In its letter of acceptance of the order the following appears:

"We enter your order, dated 5/4/15, No. 7584, and accept and agree to fill same upon the conditions as herein stated.   *   *   *

"And it is here agreed that if any shipment on this order is found to be short in measurement, or different grade, or if there is any complaint, to be made about lengths, dryness, widths, or any other feature of said shipment, all of the shipment shall be held intact subject to our inspection or order, and said complaint made within five days after the car is unloaded, otherwise it is understood that no allowance will be made and our invoice shall be paid in full. *   *   *

"If your order is not correctly entered above and the conditions of this contract agreeable, we will expect immediate advice, otherwise we will expect you to be governed by same."

Four carloads of lumber were shipped on the contract, arriving at Detroit as appears by the freight bills June 15th, June 18th, June 25th and June 28th. These shipments according to the contract price amounted to $2,012.81. The freight was $308.44. It appears from the record that upon the arrival of these cars the lumber was inspected by a competent inspector in the employ of defendant and approximately 6,200 feet found by him to be below grade. On July 29th defendant mailed to plaintiff a voucher check for $1,528.20 containing the following words: "The above amount in full settlement of the within account." The amount of this check was arrived at by computing the amount of lumber which inspected to grade at $51 per thousand, the amount inspected below grade at $33 per thousand and deducting freight and 2% discount. Later and on September 8th defendant conceded it was not entitled to the discount and sent another voucher check to cover the amount.

The first voucher check was accompanied by a statement but not by a letter of explanation. This fact together with the language quoted from the check

seems to have led to correspondence, some of which, but possibly not all, appears in the record. It does, however, appear from the exhibits and the statements of counsel made upon the trial that these checks were subsequently cashed without prejudice and credited to defendant's account.

This suit originated in justice's court. After an appeal to the circuit a notice was filed claiming an offset of $26.08 for freight paid by defendant, which had not been repaid by plaintiff, also a claim of $110 for storage of the lumber which was below grade. Plaintiff conceded the freight item but controverted the item of storage. To review a judgment for $118.89 rendered on a directed verdict we allowed this writ of error.

The defendant does not seek to recoup damages for a breach of the contract. It asks to be allowed the value of the storage of the lumber upon the theory of a rescission of the contract in part. We are not favored with a brief from plaintiff's counsel, but defendant's counsel has quite exhaustively treated the question of the right to rescind as to a portion of the contract at common law and under the uniform sales act (3 Comp. Laws 1915, § 11832 *et seq.* See § 11875, subd. 3). The difficulty we encounter in attempting to follow counsel's line of reasoning lies in the fact that we here have a special agreement between the parties. It cannot be doubted that at common law the parties had the right to contract; nor can it be claimed that the legislature by the uniform sales act has attempted to take away such right. In subdivision 4 of the section of the act relied upon by defendant's counsel it is expressly provided:

"The provisions of this section are subject to any usage of trade, special agreement, or course of dealing between the parties."

There is no claim of fraud in procuring the con-

tract. While it is made by the correspondence of the parties it is free from ambiguity and by its express terms covered and provided for the exact situation which subsequently developed. It was expressely stipulated that "if any shipment" was of "different grade * * * all of the shipment shall be held intact subject to our inspection or order," and required complaint to be made in five days. There is no claim that defendant complied with these provisions; indeed, it is admitted that it used the entire shipment except the small amount that did not come up to grade, did not make complaint within the five days, and when it made remittance included $33 per thousand as payment for the rejected 6,200 feet of lumber. The parties who made this contract are business men of experience. They dealt at arms length. They are bound by their engagements.

The judgment is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.