RENNE, Appellant, vs. VOLK, Respondent.

*September 22, 1925—January 12, 1926.*

*Sales: Cancellation of order: Waiver of right to cancel: Validity.*

1. A provision in an executory contract of sale that if the buyer shall instruct the seller not to ship goods ordered, the seller may at his option either hold the goods for the buyer or deliver them to a common carrier consigned to the buyer, and that either action of the seller shall be considered as full performance, is a waiver of the buyer's implied right or option under the Uniform Sales Act (ch. 121, Stats.) to cancel or renounce the contract.    p. 510.
2. The right of the seller in this case to recover the full purchase price became absolute in him upon a substantial delivery to the buyer of the goods contracted for and full performance of the contract, although the buyer had notified the seller that he had canceled the order before the shipment was made. p. 511.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Reversed.*

Defendant on July 29, 1920, signed a written order on the J. B. Colt Company of New York for an acetylene farm-lighting plant, to be shipped from factory or warehouse to Eau Claire, Wisconsin. The order provided that in consideration of its acceptance by said company defendant agreed to pay the company $278.05 one year after such acceptance; that it shall become a contract between defendant and the company upon its acceptance by the company; a warranty

as to material and workmanship was specified.   It contained a further provision, which, for convenience, is set out at length in the opinion.   It was accepted by the company on August 3d.

About August 7, 1920, defendant, through his attorneys, by telegram and letter notified the company in New York that he canceled the order; refused to go on with the contract; would not accept title; and that the company was not to deliver the same to a carrier for him.

In September the equipment was sent by rail to defendant at Eau Claire and he refused it.   In May, 1922, the J. B. Colt Company assigned the account for collection to plaintiff, who thereupon brought this action for the purchase price aforesaid and for $275 freight and storage; defendant alleging by answer that the contract was obtained from him through and by means of false representations, and also that, prior to its acceptance, he withdrew the order and canceled it.

Upon the trial, at the close of plaintiff's evidence, defendant moved for a nonsuit on the ground of the cancellation of the order prior to the shipment, and because plaintiff was not the real party in interest.

The plaintiff then moved to amend the complaint by adding a second cause of action for damages for breach of contract, but offered no evidence as to the amount of such damages.   Defendant offered no evidence as to any alleged fraud in the obtaining of the contract.   Thereupon the court ordered a nonsuit upon the first and a verdict for six cents damages on the second cause of action, and from a judgment in accordance therewith plaintiff appeals.

*F. M. Wylie* of Madison, for the appellant.

For the respondent there was a brief by *Linderman, Ramsdell & King* of Eau Claire, and oral argument by *Glenn O. Linderman.*

The following opinion was filed October 20, 1925:

ESCHWEILER, J.   The contract contained the following provision:

"If the purchaser shall instruct the company not to ship the material, the company may at its option either hold the goods for the purchaser or deliver the material to a common carrier consigned to the purchaser, and either action on the part of the company shall be considered as full performance of the contract by the company."

Except for such provision it is clear that under the general rules of law as well as under the Uniform Sales Act there could be no recovery of the purchase price where, prior to performance by the seller, the buyer gives notice of his intention to refuse to abide by the terms of an executory contract of sale. *Haueter v. Marty,* 156 Wis. 208, 212, 145 N. W. 775; note, 51 L. R. A. N. s. 738; note, 27 A. L. R. 1231; Uniform Sales Act, sub. (2), sec. 121.63, sub. (4), sec. 121.64.

In the contract before us, however, by the provision just above quoted, if it be legal, the parties have expressly undertaken that the implied right to cancel or option to renounce the contract by the buyer that would otherwise exist prior to full performance by the seller is, in this instance, foregone, and the buyer, by his own express agreement, foreclosed from asserting such right or option. That is, that the time within which the buyer may, in the ordinary course of contract conduct, repent him of his bargain is absolutely and instantly cut off upon the acceptance of the offer by the seller. The provisions of the Uniform Sales Act (ch. 121, Stats.) are not above or exclusive of the broader right of parties to make their own contracts, and any or all such provisions may be negatived or varied by express agreement. Sec. 121.71, Stats.; *Hunt v. W. F. Hurd Co.* 205 Mich. 142, 144, 171 N. W. 373.

The primary idea or purpose of a present valid executory

contract is future full performance by all parties to it. That being a real reason for its existence, we see no good grounds upon which we could hold that parties may not contract in advance that they will not assert or maintain certain conditions which, in the absence of provisions to the contrary, have been and are recognized as incident to executory contracts. If one may waive substantial rights such as are guaranteed to him by the constitution, we can see no logical reason for saying that he may not, if he chooses, and as did defendant here, waive that which is a mere condition attached by statute or rule of law to a contract which is itself silent on the subject. There having been under this contract full performance, a substantial delivery by the seller to the buyer of the article contracted for, the right to recover the full purchase price became absolute in the seller.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.

The following opinion was filed January 12, 1926:

PER CURIAM. On motion for rehearing respondent now calls to our attention that there was asserted by the answer, as a separate defense, a claim that the contract in question was obtained through fraud.

The cause was disposed of in the lower court at the close of the plaintiff's case upon a theory which rendered it unnecessary to consider, and at a stage of the proceedings when an opportunity to present such defense had not yet arrived. We consider it proper that the defendant should not be deprived of his right to present any evidence he may have upon such defense, and for that reason the original mandate will be stricken out and the following substituted:

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in the court below. No further costs to be allowed.