ELKO PALANIUK and Dmytro E. Kordonowy, Respondents, v. ALLIS-CHALMERS MANUFACTURING COMPANY, a Corporation, Appellant.

(220 N. W. 638.)

Opinion filed July 3, 1928. Rehearing denied August 6, 1928.

*Pierce, Tenneson, Cupler, & Stambaugh,* for appellant.

*C. H. Starke* and *H. A. Mackoff,* for respondents.

NUESSLE, Ch. J. In August, 1923, the plaintiffs purchased a gasolene tractor from the defendant. The plaintiffs were farmers and contemplated using this tractor for plowing and threshing. The fact that they so intended to use it was known to the agent of the defendant who sold them the tractor. A written contract covering the sale was entered into by the parties. This contract was prepared by the defendant. The tractor was delivered. After using it for a few days the plaintiffs claimed that it was unsatisfactory and in the early part of September, 1923, advised the defendant to that effect. Thereafter the defendant sent one of its representatives to remedy the defects complained of and the plaintiffs continued to use the tractor. The plaintiffs' evidence tends to show that it never satisfactorily fulfilled the purposes for which it was purchased; that on their complaints the defendant at intervals through the period up to July, 1926, sent its servants and representatives to remedy the defects which the plaintiffs claimed existed; that the tractor was never satisfactory. In July, 1926, the plaintiffs served a formal written notice of rescission and advised the defendant that the tractor was at Belfield subject to the defendant's order. At the time that the tractor was purchased the plaintiffs gave their notes for the purchase price thereof, some of which were paid.

The contract under which the purchase was made contained among other provisions the following: .

"This contract is made in conformity with House Bill No. 113 of the 16th Legislative Assembly of the State of North Dakota, approved February 26, 1919, reserving, however, unto vendor all state and Fed-

eral lawful and constitutional rights, and it is mutually agreed between the parties hereto that ten days from the time when purchaser shall first put said tractor in operation for plowing (if purchased for plowing) or for threshing (if purchased for threshing) or as to said separator, ten days from the time when purchaser shall first put it in operation, shall be a reasonable time after delivery of said machine for the inspection and testing of the same or either of them, and if purchaser shall claim such machine is not reasonably fit for the purpose for which it is purchased and sold as aforesaid, he shall give vendor written notice by registered letter addressed to vendor at Fargo, North Dakota, mailed within twelve days from the date such machine is first used for the purpose for which it is purchased and sold, specifying the machine and in what particular it is unfit for such purpose, and the vendor shall have six days from the receipt of such notice within which to get a competent man to the machine and reasonable time, not exceeding six days, thereafter in which to make the same comply with the terms of this contract, or at its election to furnish a new machine which will be delivered and tested under the terms and conditions of this contract, and upon failure the purchaser shall deliver the machine so failing in as good condition as when received to the place where he received it, this contract shall be considered rescinded and vendor shall return to him the amount of cash it received and all notes and securities given by him in settlement of the purchase price, and this remedy shall be exclusive and shall be in full of all claims of every nature by purchaser against vendor.

"Failure to give the aforesaid notice or so to return the goods within the time specified shall be taken as conclusive evidence that all of said machinery is reasonably fit for the purpose for which it was purchased and sold.

"Vendor warrants that the machinery sold hereunder is well made and of good material. This warranty is exclusive of all representations and of all implied, statutory or other warranties, and there are no terms or conditions except those herein contained. Parts proving defective in workmanship or material will be replaced free of charge, f. o. b. Fargo, North Dakota, for the period of six months after delivery of the machine, upon the defective parts being returned to vendor at Fargo, and vendor shall be the judge of whether or not such

part is defective. In event the purchaser shall pay for any such defective parts he shall be credited with the moneys paid by him therefor upon any note owing by him to vendor or vendor shall return the same to him in cash, and this shall be the full and sole measure of damages for failure of this warranty."

In 1926 the plaintiffs began the instant action. In their complaint they alleged the fact of the purchase; that the tractor was not reasonably fit for the purposes for which it was purchased; that there was an implied warranty of fitness; that on account of its unfitness the contract was rescinded and the tractor tendered back to the defendant; that in using it and determining its fitness they had incurred expense; that on account of its unfitness they had suffered damages; wherefore, plaintiffs prayed judgment for the recovery of that portion of the purchase price paid, for the cancelation of the notes remaining unpaid, for the expenses incurred in trying to use the tractor and for damages suffered on account of its failure to comply with the warranty of fitness. The cause came to trial before a jury. The trial court ruled that there had been no proper rescission and the case was tried and submitted to the jury on the theory that there had been an affirmance of the contract and that a recovery might be had for damages. The plaintiffs had a verdict. Thereafter the defendant moved for a new trial or for judgment notwithstanding the verdict. The motion was denied. Judgment was entered on the verdict and the defendant perfected the instant appeal from the judgment and from the order denying its motion for a new trial or for judgment non obstante.

The defendant has assigned many errors in support of its appeal. Its chief contention, however, is centered on the proposition that under the terms of the contract there could be no implied warranty of fitness; that the only warranty contained in the contract was the warranty that the tractor was well made and of good material; that there was no breach of this warranty; that the contract excluded any and all other warranties and, therefore, there could be no recovery of damages by the plaintiffs; that though the tractor was unfit for the purposes for which it was purchased and the plaintiffs were entitled to relief on that account, the contract provided an exclusive remedy therefor by way of rescission. On the other hand, plaintiffs contend that notwithstanding the provisions of the written contract there was

an implied warranty of fitness for the purposes for which the tractor was purchased, that it was not reasonably fit for such purposes and, therefore, plaintiffs were entitled to recover damages on account of the breach of such warranty.

The Uniform Sales Act was enacted as chapter 202, Sess. Laws 1917. Under the terms of that act, § 15, subdivision 1 (§ 6002a15 of the Supplement) an implied warranty of fitness for the particular purpose for which the goods are required arises when a contract of sale is made where it appears that the buyer relies upon the seller's skill or judgment, and makes known to him the particular purpose for which the goods are required. And we have held that this warranty is implied unless negatived by the terms of the contract where the contract is silent as to the matter of fitness. See Minneapolis Steel & Machinery Co. v. Casey Land Agency, 51 N. D. 832, 201 N. W. 172. Chapter 238, Sess. Laws 1919 (§§ 5991a and 5993a of the Supplement) provides:

"Any person, firm or corporation purchasing any gas or oil burning tractor, gas or steam engine, harvesting or threshing machinery for their own use shall have a reasonable time after delivery for the inspection and testing of the same, and if it does not prove to be reasonably fit for the purpose for which it was purchased the purchaser may rescind the sale by giving notice within a reaonable time after delivery to the parties from whom any such machinery was purchased, or the agent who negotiated the sale or made delivery of such personal property or his successor, and placing same at the disposal of the seller."

"Sec. 2. Any provision in any written order or contract of sale, or other contract which is contrary to any of the provisions of this act is hereby declared to be against public policy and void."

This statute not only insures to the purchasers of machinery of the sort therein mentioned the right to rescind where it is unfit, but it goes a step further and makes any contract entered into, contrary to its provisions, void as against public policy. Thus it effectually insures that the implied warranty contemplated by § 6002a15, supra, cannot be negatived by contract of the parties where such machinery is purchased. We have heretofore held that where a contract is made, to which this statute is applicable, such provisions thereof as are con-

trary to it are void, but that the contract in other respects is valid. In other words, the statute is read into and becomes a part of every such contract of purchase. Minneapolis Threshing Mach. Co. v. Hocking, 54 N. D. 559, 209 N. W. 996.

As will be noted from that portion of the contract of purchase heretofore quoted, the parties thereto entered into the same having in mind the provisions of § 5991a, supra, and attempted to incorporate the provisions of that statute into the contract. So they must have contemplated that the tractor here involved should be considered as warranted fit for the purposes for which it was purchased, notwithstanding their evident attempt to limit the warranties. They did not stop there however. They stipulated as to the manner in which the purchaser must proceed in case of the failure of the tractor to be reasonably fit for such purposes and provided an exclusive remedy in case it should prove unfit. Though the provisions of the contract contrary to § 5991a, supra, must be held void, nevertheless the contract in other respects is valid under the rule of the Hocking Case. It is clear that the parties contemplated that the only remedy that the buyer might have in case of the failure of the tractor to reasonably fit the purposes for which it was purchased should be rescission, and that he should have no remedy by way of a recovery of damages for breach. Such a limitation of remedy is consistent with and not contrary to the provisions of § 5991a and so must be given effect, for the parties to a contract of sale may provide an exclusive remedy in case of breach of warranty. See Minneapolis Steel & Machinery Co. v. Casey Land Agency, supra; Clark Implement Co. v. Priebe, 52 S. D. 606, 219 N. W. 475; Crouch & Son v. Leake, 108 Ark. 322, 50 L.R.A.(N.S.) 774 (157 S. W. 390) and cases cited in the note thereto; 24 R. C. L. 250; 2 Williston, Sales, 2d ed. § 611a, and cases cited at note 12. It is true that the Sales Act, § 69 (§ 6002a69 of the Supplement) provides that where there is a breach of warranty the buyer of goods may have an election whether to rescind or to accept and keep the goods and have his action for damages. See Minneapolis Steel & Machinery Co. v. Casey Land Agency, supra. But we know of no reason why this election may not be made at the time the contract of sale is entered into as well as after the breach of the warranty. And surely there is nothing in the act which forbids this. As said in the Hocking Case, supra:

"The Uniform Sales Act is not intended to be a restriction upon the rights of parties to contract. It is simply a statement of the rules applicable in the construction of such contracts as may be made. It does not contract for the parties; it measures their rights under the contracts they themselves make. It does not purport to create a mold in which all such contracts must be cast. There is nothing contained within its provisions which can be said to prohibit the inclusion of any lawful term that the parties may desire in a contract for sale, nor is there anything therein contained which can be said to avoid any lawful term or provision that may be thus mutually agreed upon. See § 71 of the Sales Act; Renne v. Volk, 188 Wis. 508, 205 N. W. 385; Hunt v. W. F. Hurd Co. 205 Mich. 142, 171 N. W. 373; Cadillac Mach. Co. v. Mitchell-Diggins Iron Co. 205 Mich. 107, 171 N. W. 479. See also Minneapolis Steel & Machinery Co. v. Casey Land Agency, supra."

So it appears to us that the plaintiffs by their contract limited themselves as to remedy to rescission with a return of the consideration given for the tractor in case the same should be unfit for the purposes for which it was purchased.

As heretofore stated the case was tried and submitted upon the theory that there was an implied warranty independent of the written contract and that the plaintiffs were entitled to recover for damages on account of the breach of such warranty. As we have shown, this theory was not tenable under the express provisions of the contract. The parties had fixed the remedy available to the buyer and so the plaintiffs could have no other remedy than that thus provided. However, there is evidence in the record tending to show that the tractor was not suitable for the purposes for which it was purchased; that within a reasonable time after this fact was discovered notice of its unfitness was given to the seller; that thereafter the seller endeavored to remedy the defects; that relying upon these attempts and the assurances of the seller that the defects would be remedied, the plaintiffs continued to use the tractor; that these attempts continued through the several years that the plaintiffs had it; that, finally, the tractor failing to work, plaintiffs gave notice of rescission. While there must be a reversal of the judgment, nevertheless in view of this evidence we do not feel warranted in now holding that the defendant is entitled to

judgment notwithstanding the verdict, so the cause must be remanded for a new trial. Though other points than those herein considered were raised upon the record, it is not necessary to consider and determine them by reason of this disposition of the appeal.

The judgment is reversed and a new trial ordered.

CHRISTIANSON, BIRDZELL, BURKE, and BURR, JJ., concur.

## On Rehearing.

NUESSLE, Ch. J. The appellant has petitioned for a rehearing. It contends that the court erred in remanding the case for a new trial. Appellant urges that the respondents had an election of remedies and elected to sue for damages; that, therefore, they cannot now, having lost in that action, sue on the theory of rescission. The vice in appellant's argument lies in its assumption that the respondents had the right of election. They did not. They were, by their contract, as our opinion holds, limited to an action on the theory of rescission, so there was no room for an election. The opinion as written is not predicated upon the theory that the trial court erred in holding that there had been no rescission. Nor does it hold that a rescission was in fact established. It holds merely that the case was tried erroneously on the damage theory, and that on a retrial the respondents may be able to establish a case on the proper theory, and the case is therefore remanded for a new trial.

The petition for rehearing is denied.

BIRDZELL, CHRISTIANSON, BURKE, and BURR, JJ., concur.