[File No. 5873.]

WALTER HAMMAN, Respondent, v. ADVANCE-RUMELY THRESHER COMPANY, INC., Appellant.

(238 N. W. 700.)

Opinion filed August 22, 1931.   Rehearing denied October 23, 1931.

*Lawrence, Murphy, Fuller & Powers,* for appellant.

508

*H. A. Mackoff,* for respondent.

Burr, J. So far as the pleadings are concerned this case is, in all respects, similar to the companion case of Bratberg v. Advance-Rumely Thresher Co. ante, 452, — A.L.R. —, 238 N. W. 552, heard at the same term. The plaintiff claims he paid $1,457.97 for the combine he purchased and that it cost him $100.00 for repairs and testing the machine in order to determine its fitness.

The answer sets forth the same kind of a written order as the contract in the other cases, including the statement that "it constitutes the entire agreement with reference to the purchase of the above property."

The answer further alleges that the machinery was reasonably fit for the purpose for which it was purchased, that the plaintiff did not rescind the contract within the time specified or in the manner specified in said contract, "that said contract provided that the machinery would thus be returned to the defendant practically new with only a limited use thereof;" "that chapter 238, Laws of 1919, relied upon by said plaintiff, is unconstitutional as depriving the defendant of valuable property rights, to wit: the freedom of contract."

A jury was empanelled, and at the close of the plaintiff's case defendant moved for a dismissal of the action, on the ground that the contract specified the time and manner of rescission, that the plaintiff did not rescind as required and that chapter 238 of the Session Laws 1919 is unconstitutional. This motion being denied the defendant at the close of the entire case moved for a directed verdict on the same general grounds. The court denied the motion and the jury returned a verdict for plaintiff for the purchase price and freight. Judgment was entered accordingly including interest and costs.

The notice of entry of judgment was served on December 14, 1929, and it was not until June 12, 1930 appellant served his motion for judgment notwithstanding the verdict or for a new trial. The same questions in appellate procedure are raised here as in the case of Bratberg against the same defendant, heard at this term, and are disposed of in the same manner.

On September 15, 1930 plaintiff appealed from the order denying the motion for judgment notwithstanding the verdict or for a new trial.

There are twenty-four specifications of error, but all are summed up in three general issues. The appellant claims, first: that this case is an action for rescission, is an equity action, and the court erred in holding it to be a jury case and submitting the case to a jury for determination; second, that chapter 238 of the Session Laws of 1919, being §§ 5991a–5993a of the Supp., is unconstitutional, that holding such law to be constitutional is the fundamental error of the trial, and by means of this the court ignored all of the provisions of the contract relative to time and manner of rescission and erred in the admission of testimony and in his charge to the jury; and third, that the court erred in permitting the plaintiff to prove alleged warranties and representations not contained and set forth in the written contract.

This case is a jury case. It is not an action for leave to rescind. It is an action based on the theory that rescission is an accomplished fact. Plaintiff demands the return of his money. It is a suit to recover the purchase price and therefore properly triable to a jury.

The claim that chapter 238 of the Session Laws of 1919, is unconstitutional has been settled by the aforementioned companion cases decided at this term where the identical question is involved. Therein

we held the law did not violate the constitutional provisions cited. Therefore this second contention cannot be upheld.

The third general issue involves the ruling of the court on the admission and rejection of evidence. Defendant claims the court erred in permitting the plaintiff to present alleged warranties, and representations not contained, and set forth in the written contract. Over the objection of the defendant the court permitted the plaintiff to prove what the agent of the company, at the time of the sale and before the signing of the contract, said regarding the machine purchased. It is the contention of the plaintiff this was proper because it was incumbent upon the plaintiff to prove that he rescinded the contract within a reasonable time under all of the circumstances of this case, and as a prerequisite to his right to rescind it was necessary for him to show that the defendant knew at the time of the sale the purpose for which plaintiff was buying the combine and in order to prove this knowledge on the part of the plaintiff he testified to the conversation which took place between him and the agent as to the character of the farm the plaintiff had, its extent, the character of the crops he was raising, the size and power of the combine, how much it would cut per day and whether it would operate on a farm of the character of plaintiff's farm. The plaintiff does not seek to avoid the order on the theory that his signature thereto was obtained by fraud. He admits it is the contract except in so far as it is modified by chapter 238 of the Session Laws of 1919 both as to statutory warranty and the effect of the provision in the contract limiting the period of "reasonable time." This contract contains the express provision that "there are no terms, conditions or warranties, express, implied or statutory, of quality, fitness, capacity or otherwise of the goods ordered other than or different from the printed conditional warranty aforesaid." Where a contract contains warranties all other warranties, except those implied by law, are excluded. Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903; Hooven & A. Co. v. Wirtz, 15 N. D. 477, 107 N. W. 1078; Gas Traction Co. v. Stenger, 34 N. D. 620, 631, 159 N. W. 32. This is particularly so when there is an agreed provision between the parties that there are to be no other warranties.

The provisions of the statute are part of the contract however, just

as if incorporated therein. Minneapolis Steel & Machinery Co. v. Casey Land Agency, 51 N. D. 832, 201 N. W. 172; Allis-Chalmers Mfg. Co. v. Frank, 57 N. D. 295, 221 N. W. 75. Thus the provisions of chapter 238 of the Session Laws of 1919 are read into and become a part of such contracts of purchase as are involved here. Minneapolis Threshing Mach. Co. v. Hocking, 54 N. D. 559, 209 N. W. 996; Palaniuk v. Allis-Chalmers Mfg. Co. 57 N. D. 199, 205, 220 N. W. 638, 640.

The court permitted the plaintiff, over the objection of the defendant, to prove representations and warranties in regard to how much work this combine could do and what it would do on rolling land of the character of plaintiff's farm. There is no such warranty or representation set forth in the contract, but plaintiff says this testimony was necessary in order to prove that defendant knew the purpose for which the machine was bought and the character of plaintiff's land, to establish the warranty that it was reasonably fit for the purpose purchased. The court did not limit the introduction of this testimony to the sole issue of the knowledge of the defendant of the purpose for which the combine was desired, but no request for such limitation was made. Defendant requested the court to instruct the jury as follows: "I instruct you that the parties to this action by their written contract agreed upon an express warranty with reference to such machinery, and that this excluded the other expressed, implied or statutory warranties of quality or fitness or capacity of the goods described in such contract." The court declined to give this instruction and the failure to do so is specified as error. It is true that nowhere in the charge did the court tell the jury the representations, warranties or statements made at and prior to the time of the signing of the contract and not embodied in the contract, were to be considered solely with reference to the knowledge on the part of the defendant of the purpose for which the machine was purchased; nor did the court instruct the jury that all warranties and representations are excluded, except those stated in the contract and the implied and statutory one that the combine was reasonably fit for the purpose for which it was purchased. But the request of the defendant however was too broad. It asked the court to charge the jury that the contract excluded all statutory warranties of fitness. Where a request for instruction contains an erroneous statement of the

law it is proper for the court to refuse to give it. Grant v. Whorton, 28 S. D. 599, 134 N. W. 803. It is true the court should charge generally on all of the law governing the case; but the case was tried principally on two theories,—that chapter 238 of the Session Laws 1919 was unconstitutional, and second, that even if constitutional the parties had a right to contract as to what was a reasonable time and having so contracted, and the plaintiff not having rescinded within the time specified, he had lost his right to rescind. This was the theory of the defense and though there were many incidental features nevertheless in its objections and its requests the defendant was governed by this theory. The court charged fully and fairly on these points, and if more explicit instructions were desired, requests for same stating correct principles of law, should have been made. Landis v. Fyles, 18 N. D. 587, 120 N. W. 566; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141. It did not ask the court to charge that the contract excluded all warranties except those contained therein and statutory warranties. It was concerned with the theory that the statutory warranties were invalid. The court, in its charge to the jury did however make references to "the surrounding facts and circumstances" and said "all of these facts and circumstances may be taken into consideration by you in determining whether the plaintiff rescinded the sale within a reasonable time after the delivery thereof." The court nowhere charges or intimates that the plaintiff could rescind his contract because of the failure of the defendant to fulfill any statement, representation or warranty not contained in the contract, except the statutory warranty set forth in chapter 238 of the Session Laws of 1919, nor that the extra-contractual warranties could be considered in determining the character of the combine itself as to whether it complied with these.

The controversy as to timely rescission is governed by the same set of circumstances discussed in the companion case. The facts are practically identical. There was sufficient evidence introduced to justify the court in submitting this question to the jury. By its verdict the jury found for plaintiff and hence the judgment is affirmed.

BIRDZELL, J., dissents.

NUESSLE, BURKE and CHRISTIANSON, JJ., concur.