(File No. 5950.)

O. B. HOLDEN, Respondent, v. ADVANCE-RUMELY THRESHER COMPANY, INC., a Corporation, Appellant.

(239 N. W. 479.)

Opinion filed November 20, 1931.

*Lawrence, Murphy, Fuller & Powers,* for appellant.

*Jacobsen & Murray* and *F. M. Jackson,* for respondent.

BIRDZELL, J. This is an action predicated upon an alleged rescission of a contract for the sale of a tractor to the plaintiff. The plaintiff had paid part of the price and suffered a judgment on the remaining purchase price notes, so judgment was entered in his favor in the sum of $3,052.50. The defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial, which motion was denied. The instant appeal is from the judgment and from the order denying the motion. The facts essential to an understanding of the questions raised on the appeal may be stated as follows:

In January, 1925, the plaintiff, Holden, executed an order directed to the defendant, which was later accepted by it, for an Oil Pull tractor rated 30-60 and an engine guide, for which he agreed to pay the freight and the purchase price as follows: $400 cash; note for $1,000 due October 1, 1925; note for $1,000 due October 1, 1926; note for $945 due October 1, 1927, which notes were to be secured by a chattel mortgage on the machinery purchased and upon a separator owned by Holden—the plaintiff also to turn over to the defendant in trade a used tractor. The machinery was delivered on April 15, 1925, and settled for in accordance with the contract. Soon thereafter the plain-

tiff had difficulty operating the tractor and made complaint to the local agents of the defendant, who advised him that others had had similar troubles; that the company had experts out fixing up these machines; that his would be fixed up before the next spring and if not the money and the notes would be returned. When the plaintiff's first note matured he advised the defendant that he was not paying the same on account of its failure to remedy the defects in the machinery and the defendant in turn advised the plaintiff that while it was not under any contractual obligation to provide any further service it felt it was nevertheless under moral obligation to do so and that the plaintiff could depend upon it to furnish any necessary service. It insisted upon the payment of the note amounting at that time to $1,041.65. This note was paid by the plaintiff on November 7th, he notifying the defendant at the time that it was with the understanding that the defendant's expert would work on the machine. Later the defendant's expert came but did not complete the job of putting the machine in shape, and the following spring, in May, the plaintiff notified the defendant that the machine was entirely out of commission; that he could see no other recourse than to sue the defendant for damages unless it was made fit for the field by Wednesday, May 26th. It was not put in condition by that time. Thereafter some effort was made to put it in condition, but it never worked satisfactorily or efficiently. During the period of the difficulties with the machinery the plaintiff made two trips to the defendant's office at Aberdeen, South Dakota, in regard to the matter. Additional facts relating to the defects, the attempts to remedy them, the contract provisions, the timeliness of the attempted rescission, et cetera, will be stated as they become material to the consideration of the questions raised on the appeal. Suffice it to say here that the plaintiff did not pay the notes maturing in October, 1926, and 1927. The defendant sued on these notes. The plaintiff answered admitting all the allegations of the complaint. He also filed a counterclaim in which he sought to recover a judgment against the defendant in the amount of the notes paid and due with interest and the further sum of $700 and interest on account of the value of the secondhand tractor traded in. After the filing of this counterclaim the plaintiff in that suit (the defendant here) moved to transfer the cause to the federal court on the ground of diversity of citizenship.

It was so removed. Thereafter the defendant therein moved to remand the cause. His motion was denied. He thereupon withdrew his counterclaim and made no further resistance to the action. On motion of the plaintiff therein for judgment on the pleadings, judgment, dated December 8, 1928, was entered in the sum of $2,556.76. Shortly thereafter the plaintiff served upon the defendant a notice of rescission of the contract as follows:

"To the Advance-Rumely Thresher Co.,
"Fargo, N. Dak.

"Take notice that the undersigned does hereby, in addition to the rescissions hereinbefore given to you, does hereby rescind again the sale of that certain Advance-Rumely Oil Pull 'S' tractive H. P. 30, Brake H. P. 60, tractor, purchased from you under date of Jan. 28th, 1925 at Bucyrus, N. D., and you will take notice that on or about the 20th day of April, 1925, I placed said tractor at your disposal and that at all times since and to the present time said tractor has been placed at your disposal at the place where I received it, to-wit; Bucyrus, N. Dak., and the undersigned does hereby demand that you return to him the purchase price of said tractor, including the money paid and the notes and mortgages executed and delivered therefor.

"This rescission, as you have already and at various times been informed, is based on the following grounds among others:

"1. Said tractor has failed to comply with your representations, warranties and guaranties under which it was purchased;

"2. It was not and is not fit for the purpose for which it was sold and intended; to-wit, pulling plows and pulling and operating a threshing machine separator;

"3. That the same is not fit for any purpose; that it is not good for anything except junk.

"Dated this 23rd day of December, 1928.
"O. B. Holden
"By F. M. Jackson, his attorney,
"Hettinger, N. D."

In the summer of 1929 the defendant took possession of the tractor for the purpose of foreclosing its chattel mortgage and at the sale it bid the same in for $1,000, filing a report of the sale on the 12th day

of August, 1929, showing a deficiency still due of $1,727.12. The following year the instant action was brought.

In the complaint the plaintiff alleges the making of the contract, the delivery of the machine thereunder, subject to warranties against mechanical defects and covering the capacity to deliver the necessary power for plowing and threshing and reasonable fitness for the use for which the plaintiff, to the knowledge of the defendant, was purchasing the tractor; that relying upon such warranties the defendant paid "a consideration of the value of $3,000." It then alleges the breach of the warranties in detail, the making of a fair test, that within a reasonable time after the delivery and upon a fair inspection and test the tractor did not prove to be reasonably fit for the purpose for which it was purchased; that the plaintiff rescinded the sale by giving notice to the defendant and the agents who negotiated the sale and who made delivery of the tractor and placing the same at the disposal of the seller; and that thereupon and thereafter, up to and including a short period before the commencement of this action, the defendant continuously requested the plaintiff to keep the tractor temporarily and give the defendant an opportunity to make the same work; that at divers times during the period between the delivery of the tractor and the bringing of the instant action the plaintiff had given notice of rescission and had placed the same at the disposal of the defendant; that the plaintiff demanded that the defendant return the consideration and the defendant had failed to do so to the damage of the plaintiff in the sum of $3,000.

To this complaint thus briefly sketched the defendant answered, setting up the terms of the contract which specifically provide that the tractor was sold for plowing or threshing or both and that the contract is made in conformity with House Bill 113 of the Sixteenth Legislative Assembly of the State of North Dakota, approved February 26, 1919, "reserving, however, unto vendor all state and federal lawful and constitutional rights;" and that if the purchaser should claim the machine to be not reasonably fit for the purpose for which it was purchased he should give to the vendor written notice by registered letter mailed within twelve days from the date such machine is first used for the purpose for which it was purchased and sold, specifying in what particular it is unfit for such purpose and that the vendor should

have six days from receipt of the notice in which to get a competent man to the machine and thereafter a reasonable time not exceeding six days in which to make the same comply with the terms of the contract, or at its election to furnish a new machine, and upon failure of the vendor the purchaser is required to deliver the machine in as good condition as when received at the place he received it and the contract to be considered rescinded and the vendor be obligated to return the amount of cash received and the notes and securities given in settlement. This remedy is stipulated to be exclusive and in full of all claims of every nature by the purchaser against the vendor. The contract pleaded contains an additional warranty that the machine is well made and of good material, which warranty is stated to be "exclusive of all representations and of all implied, statutory or other warranties." And it contains a further stipulation with reference to replacing defective parts for the period of six months after the delivery of the machine upon their return to the vendor at Fargo. The answer alleges full compliance with the warranties and all the conditions and obligations of the vendor under the contract. It alleges that the plaintiff failed to give notice of defects as provided and failed to avail himself of the stipulated remedy applicable in the event of a breach of the warranty of fitness for use. It alleges that chapter 238, Session Laws of 1919, the machinery warranty statute relied upon by the plaintiff, is unconstitutional in that it denies to the defendant its constitutional right of freedom of contract. As a separate defense it pleads the judgment upon the notes obtained by the defendant against the plaintiff in the federal court as a binding adjudication of the rights of the plaintiff and the defendant under the contract of sale.

It further alleges that the former attempt of the plaintiff in his counterclaim in the suit on the notes to recover damages for breach of the warranty constituted an election of remedies which precludes him from now availing himself of the attempted rescission, and it alleges that the delay in the exercise of the right of rescission was so prolonged as to preclude the plaintiff from reliance thereon as a matter of law. Upon the issues thus framed, the case was tried to the court and a jury.

At the trial, for the purpose of laying a foundation for an objection to the introduction of any evidence under the complaint, the defendant was permitted to identify the contract signed by the plaintiff and an exemplified copy of the record of the judgment in the federal court, together with the receipt for the delivery of the machine and the notice of rescission of the contract. Upon this foundation the objection to the introduction of evidence was overruled and testimony was taken in support of the plaintiff's case, no further evidence being introduced by the defendant.

The first contention advanced by the appellant is that the former judgment in the federal district court is a bar to the instant action. It is pointed out that the action was between the same parties and that it involved the same subject matter, namely, the contract for the sale of the machinery, and it is said that the entry of the judgment for the plaintiff in that action was in legal effect a judicial determination that the plaintiff therein had performed its contract and was entitled to recover the consideration; that to permit recovery by the plaintiff in the instant action is merely to determine in his favor a question which had been determined against him in the former suit. It must be borne in mind that the suit in which the judgment was entered was a suit upon the notes and the complaint was in the usual form of an action on notes, to which were added, however, allegations regarding the chattel mortgage security and a prayer for the added relief of foreclosure (which was not availed of in the action), no mention being made of the contract in connection with which the notes were given. The defendant's answer admitted all the allegations of the complaint and judgment was rendered on the pleadings. True, the defendant did counterclaim for damages predicated upon breaches of warranty, but this counterclaim was withdrawn and dismissed at the instance of the defendant in that suit before the motion for judgment was made. Obviously, then, no issue regarding the warranties in the sale of the tractor and engine guide was submitted or determined in the federal court and the plaintiff is not precluded with respect to such issues, unless he was under some legal duty to submit his contentions regarding them when he was sued upon the notes. If he had paid the notes as they matured, it is, of course, elementary that he would not be precluded from subsequently asserting that he was relying upon the

warranties unless the lapse of time or his conduct otherwise was such as to show an acceptance of the property in fulfillment of the contract. Sections 6002a48 and 6002a49, 1925 Supplement to the Compiled Laws of 1913 (§§ 48 and 49, Uniform Sales Act). No reason is apparent why his submission to a judgment upon the notes should be considered to be more incompatible with his reliance upon the warranties than payment would be. It is elementary that a purchaser when sued for the purchase price may recoup or set up by way of counterclaim damages incident to a breach of warranty, or he may refrain from so doing and make the breach of warranty the subject of a separate suit. See 1 Van Fleet, Former Adjudication, § 172; 34 C. J. 868 and cases cited in note 44. In the case of Thoreson v. Minneapolis Harvester Works, 29 Minn. 341, 13 N. W. 156, the rule was applied under facts strictly analogous to those in the instant case. The vendor had brought an action upon notes given for the price of a reaping machine and had recovered a default judgment. The purchaser subsequently brought an action to recover damages for breach of warranty. Concerning the contention that the second action was barred by reason of the judgment on the notes, the court said (page 344 of the state report, page 157 of the Northwestern Reporter):

"The former recovery of a judgment by this defendant against the plaintiffs, on default of the latter upon some of the notes given for the purchase of the machine, constituted no bar to a recovery in this action for breach of the contract of warranty. The facts constituting the cause of action in this case were not involved in the former action upon the notes, and could only have been properly presented for adjudication therein by affirmative allegations and proof, on the part of the defendants in such action, in the nature of counterclaim or recoupment. Formerly, in such an action, the practice allowed a full recovery of the purchase price, and left the vendee to seek his remedy by a cross-action. Mondell v. Steel, 8 Mees. & W. 858, 151 Eng. Reprint, 988; Rigge v. Burbidge, 15 Mees. & W. 598, 153 Eng. Reprint, 1288.

"Now the vendee has his election to plead the breach of contract of warranty in reduction of damages, in an action brought by the vendor for the price, or to bring a cross-action, as was done in this case. Such action is not barred by the former recovery of the price. Davis v. Hedges, L. R. 6 Q. B. 687; Bodurtha v. Phelon, 13 Gray, 413; Mc-

Knight v. Devlin, 52 N. Y. 399, 11 Am. Rep. 715; Barker v. Cleveland, 19 Mich. 230; Benjamin, Sales, 3d ed. 894–899."

The fact that the plaintiff, as defendant in the former action, had set up his cause of action as a counterclaim and had voluntarily withdrawn it does not preclude him from subsequently litigating it. 34 C. J. 866. In some states there are statutory provisions which require a defendant to litigate any cross demand he may have arising out of the transaction set forth in the complaint at the peril of losing his right to subsequently rely upon it (34 C. J. 865), but there is no such statutory requirement in this state.

The appellant here contends, however, that the rule stated above and applied in the Minnesota case, supra, does not apply where the plaintiff in the subsequent action relies upon a rescission of the former contract. The contention is that this principle can only apply where a plaintiff is seeking damages for a breach of the warranty in an action proceeding upon an affirmance of the contract. It is true that in the Minnesota case emphasis was placed on the fact that the action was not based upon a rescission, but this was important for the reason, which the court pointed out, that under the law of Minnesota, as it then existed, rescission was not permitted for a breach of a warranty. But under the Uniform Sales Act, as well as under the provisions of the contract involved in the instant case, the remedy of rescission is recognized where there has been a breach of the warranty of fitness. Indeed, under the contract rescission is made the sole remedy, and this provision of such a contract has formerly been upheld in this court. Palaniuk v. Allis-Chalmers Mfg. Co. 57 N. D. 199, 220 N. W. 638. When the remedy of rescission is thus provided, both by statute and contract, as the means of securing compensation for a breach of warranty, it can not be held to be so far inconsistent with the contract as to imply non-reliance thereon. When, therefore, at the time of pursuing the action for the price, the rescission has not been effected there can be no more reason for barring the remedy, assuming it to be otherwise timely, than for barring an action for damages for breach of warranty.

It is next contended that the plaintiff's alleged rescission came too late. Ordinarily, the remedy of rescission must be invoked within a reasonable time and, in view of the aim of the law through this remedy

to place the parties in statu quo, a reasonable time means a fair degree of promptness after the discovery of the grounds for rescission. This principle is embodied in our machinery warranty statute (chapter 238, Session Laws of 1919). A court is not warranted in determining this fact against a decision of a jury favorable to the purchaser unless it can say that the delay, upon any reasonable view of the evidence, was so great as to be wholly unreasonable, and in determining this question the court, as well as the jury, must take into consideration the circumstances explanatory of the delay. In the Palaniuk Case, supra, this court held that a delay of more than three years, in view of the explanation which the record afforded, was not so unreasonable as to justify the court in holding the remedy unavailable to the plaintiff. In the instant case the record shows that when the defendant was notified of the defects in the tractor it undertook to remedy them and that at different times the plaintiff was induced to keep the tractor to enable the defendant to remedy the defects on representations to the effect that if it could not be made to operate properly the defendant would return the purchase price or furnish a new tractor. On this record we cannot say that the plaintiff, in withholding the prompt exercise of his remedy of rescission in reliance upon such representations, was foregoing the exclusive remedy provided for in his contract, or relinquishing that which was vouchsafed to him by the statute. Chapter 238, supra. While under the testimony in this record the plaintiff does not appear to have taken the decisive stand upon his remedy of rescission until immediately after the judgment was obtained against him on the notes in 1928, it does appear that he made no use whatever of the tractor subsequent to the spring or summer of 1926 and that the defendant was in default in the performance of its promises to put the tractor in condition and was still making promises to fix or replace the machine in 1927, shortly before the action was begun on the notes. Thereafter the status of the parties as it would have been affected by a rescission was not materially affected by any delay. In light of the facts disclosed in this record, we can not say that the delay was so great as to be unreasonable. See Dwinnell v. Boehmer, 60 N. D. 302, — A.L.R. —, 234 N. W. 655.

It is next urged that the plaintiff is bound by a former election to affirm the contract and recover damages, which election was evidenced

598

by the filing of a counterclaim in the suit on the notes. This contention is untenable. As above indicated the contract provides for rescission as an exclusive remedy and such a provision is binding. Palaniuk v. Allis-Chalmers Mfg. Co. 57 N. D. 199, 220 N. W. 638, supra. An attempt to avail one's self of a remedy which one does not have, is not a conclusive election. Fuller v. Fried, 57 N. D. 824, 224 N. W. 668.

The appellant also argues that rescission can not now be had because the notes representing the balance of the purchase price are in judgment and therefore can not be obtained by the plaintiff. Where one has a right of rescission, the right is not qualified by the fact that the party against whom it exists may have parted with the consideration which he would be obligated to return or by the fact of its being merged into a legal obligation of another form. Rescission is available although a note given for the purchase price has been transferred (Fahey v. Esterley Mach. Co. 3 N. D. 220, 227, 44 Am. St. Rep. 554, 35 N. W. 580, 582), and judgment may be rendered in the purchaser's favor, though the note be not paid. But the judgment in such a case should not be absolute but one conditioned for discharge by surrender of the note. See Fahey v. Esterley Mach. Co. supra. If the notes are already in judgment, as in the instant case (of which judgment, as the defendant's answer declares, it is still the owner), no such condition need be incorporated, because mutual judgments are subject to the statutory proceedings for offset one against the other. Comp. Laws 1913, § 7706.

The appellant further contends that the court erred in admitting in evidence statements of agents of the defendant upon which the plaintiff relied in keeping the tractor pending attempts to put it in condition to fulfill the warranty. In view of the fact that the machinery warranty statute authorizes the rescission to be made by notice served upon the agents making the sale and of the further fact that the plaintiff made two trips to the branch office of the defendant at Aberdeen and refrained from insisting upon his right of rescission on account of promises that were made to put the tractor in condition, we think there is little merit in this contention. Liability is not predicated upon any statement of any dealer or agent. These statements are merely explanatory of the plaintiff's delay in exercising his right.

In view of the recent decision of this court in Bratberg v. Advance-Rumely Thresher Co. ante, 452, — A.L.R. —, 238 N. W. 552, it is unnecessary to speak of the constitutional objections raised to the statute (Chapter 238, supra). They are fully considered in the Bratberg case and the act is held to be constitutional. For the reasons there assigned, the holding is the same in the instant case.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

BURKE, BURR and NUESSLE, JJ., concur.

CHRISTIANSON, Ch. J., dissents.