Hillsborough,
No. 4589.

PAUL PINEAU & a.

*v.*

EUGENE H. WHITE d/b/a WHITE'S OIL HEATING SERVICE.

Argued October 1, 1957.

Decided November 5, 1957.

120

*Morse, Hall, Morse & Gallagher* for the plaintiffs, furnished no brief.

*Myer Saidel* (by brief and orally), for the defendant.

KENISON, C. J.  The Uniform Sales Act gives the buyer of goods a right to rescind the sale and obtain restitution for the amount paid the seller on the ground of breach of warranty.  I A Uniform Laws Annotated 295; RSA 346:69 I(d).  Furnaces and heating equipment are "goods" within the meaning of the Uniform Sales Act and are governed by its provisions.  *Parker* v. *Morgan,* 170 Md. 7; RSA 346:76 I.  See *Francoeur* v. *Stephen,* 97 N. H. 80. Where, as in the present case, rescission takes place after acceptance, the buyer must return or offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer and the buyer must "notify the seller within a reasonable time of the election to rescind." RSA 346:69 III.

Whether the plaintiffs gave the defendant notice of the breach of warranty within a reasonable time after the breach was a question of fact for the Trial Court. *Russell* v. *Stores,* 96 N. H. 471; RSA 346:49. The trier of fact could believe the plaintiffs' evidence that after the furnace was first used in October, 1950, it backfired or "blew up" once in December, 1950, and again in January, 1951, that "it went out . . . practically every time we lit it" and that the plaintiffs wrote several letters of complaint. There was also evidence from which the court could find that the plaintiffs offered to return the furnace. The Trial Court was not compelled to accept the defendant's testimony that he received no complaints and had no notice of them until the present suit was instituted in 1955. While the plaintiffs did not retain copies of their complaints and did not specify the dates on which they were written, their testimony was sufficient to support the implied finding of the Trial Court that notice of the breach of warranty was given within a reasonable time after the furnace was first used in October, 1950. *Lyford* v. *Academy,* 97 N. H. 167, 169.

The defendant's contention that notice of the breach of warranty must be a written notice "personally served on the person to be notified" (seller) is not supported by the authorities. 3 Williston, Sales (Rev. *ed.* 1948) s. 484b; anno. 53 A. L. R. (2d) 270. "Such notice need take no special form . . . " (*Hazelton* v. *First Nat. Stores,* 88 N. H. 409, 412) and it is sufficient if the notice, whether written or oral, gives the seller timely information that the buyer holds him responsible for the breach of warranty. *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.,* 332 Mass. 383; *Johnson* v. *Hoffman,* 7 N. J. 123.

The contract between the parties contained the following provisions: "Installation will be made in conformity with all local, state, and Underwriter's requirements, and will be made in a neat, workmanlike manner. All materials and workmanship will be guaranteed for a period of one year from date of installation."

The record discloses that the plaintiffs knew nothing about oil-burning furnaces and relied on the defendant's judgment in installing one reasonably fit for the purpose of heating the plaintiffs' residence. This evidence was sufficient to establish an implied warranty of fitness (RSA 346:15 I; *Clover &c. Co.* v. *Smith Co.,* 96 N. H. 491) and was in no way precluded by the express provisions of the contract. RSA 346:15 VI. The defendant cites *Baranowski* v. *Linatsis,* 95 N. H. 55, but that case is clearly

distinguishable and held that there could not be an implied warranty of title under RSA 346:13, where the express provisions of the contract specifically disclaimed any warranty by implication. In so far as there is support in *Rollins Engine Co.* v. *Forge Co.*, 73 N. H. 92, decided in 1904, for the defendant's contention that there can be no implied warranty in a written contract of sale, it is no longer an authority since the adoption of the Uniform Sales Act in this jurisdiction in 1923. Furthermore, it was contrary to the weight of authority even prior to the adoption of the Uniform Sales Act. 4 Williston, Contracts (Rev. *ed.*) *s.* 989, *p.* 2722, note 3; 1 Williston, Sales (Rev. *ed.* 1948) *s.* 235, *p.* 606-607, note 7.

The plaintiffs' note for the purchase price has been merged in a judgment in favor of the United States which has not been fully satisfied by the plaintiffs. This does not preclude the plaintiffs from recovering in this action but to protect the defendant the judgment in the present action should be conditioned upon the filing of evidence of the satisfaction of the judgment in favor of the United States. *Holden* v. *Advance-Rumely Thresher Co.*, 61 N. D. 584, 598; *Weaver* v. *Blochberger*, 31 Wash. (2d) 877; *cf. Copeland* v. *Reynolds*, 86 N. H. 110.

Since the record supports the Court's judgment and there is no error of law the defendant's motions for a nonsuit and a directed verdict and his motion to set aside the verdict were properly denied.

*Exceptions overruled.*

WHEELER, J., did not sit; the others concurred.